J. HENRY BLAKE, *et al.*, V. COMM'RS OF JOHNSON COUNTY.

1. ADMISSIONS OF FACTS, *in Pleadings; Contradictory Facts, in Agreed Statement.* In an action on a county. treasurer's bond, pleadings were duly filed — petition, answer, and reply. The petition alleged the execution of the bond in proper form, setting it out in full, and the answer contained no denial under oath. Thereafter an agreed statement of facts was prepared, signed by the attorneys, and to which was attached an affidavit of the county attorney, alleging all.the matters prescribed in section 525 of the civil code, which provides for submitting a controversy without action; but said statement did not purport on its face to supersede the pleadings, and there was no dismissal of the action as presented by the pleadings; and the journal entries of the trial of the cause and of the judgment show that the case was submitted and judgment rendered upon the pleadings and agreed statement: *Held,* That the execution of bond disclosed in the petition was an admitted fact, and that the admission was not avoided by a statement in the agreed statement of facts that the treasurer executed a bond running to the wrong party.

2. BOND OF COUNTY TREASURER; *Board of Commissioners, Proper Plaintiffs.* Where, under the laws of 1862, a bond of the county treasurer was duly executed to the county commissioners, *held,* that they were proper parties plaintiff in an action on such bond, although the money for which the action was brought was school-money, and to be distributed to the various school districts of the county.

3. COUNTY TREASURER; *Duties, and Liabilities.* The county treasurer is the proper party to collect and receive moneys due the county on a judgment rendered in an action on a forfeited recognizance. He is not authorized to receive anything but money thereon, and if notwithstanding he receive other property in full satisfaction and discharge of such a judgment, he becomes himself immediately responsible for the full amount of such judgment.

4. ———— Where a county treasurer received on such a judgment county scrip in full satisfaction and discharge thereof, and thereafter delivered the county scrip to the county superintendent, who sold it at a discount, and handed the proceeds to the treasurer, *held,.* that such treasurer and his sureties were responsible for the amount of such discount.

5. ———— Proof of these facts disclosed a breach of official duty, and *prima facie* a loss to the ·county, and therefore a liability on his official bond; and notwithstanding he claims that he made good the amount of this loss, this is a matter of defense and must be shown by him affirmatively.

6. ———— *Breach of Official Duty; Demand Not Necessary.* In an action on his official bond brought after the termination of his term of office,

in which the above breach of official duty is shown, it is not necessary to prove a special demand on the treasurer for the amount of the loss occasioned by the unauthorized receipt and sale of the scrip.

### Error from Johnson District Court.

ACTION by the *Board of County Commissioners* against *Blake* and others. The opinion, *infra,* states the facts and proceedings. Judgment for plaintiff at the August Term 1873, of the district court, and the defendants bring the case here for review.

*A. S. Devenney,* for plaintiffs in error.

*J. W. Greene,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Action on county treasurer's bond. The first question arises on these facts: Pleadings were duly filed — petition, answer, and reply. The petition alleged the execution of a bond payable to the county commissioners, setting out the bond in full. This under the law in force at the time, (Comp. Laws 1862, p. 428, § 104,) was the proper bond. No denial under oath was filed. Therefore the execution of such a bond was admitted. The case however was tried on an agreed statement of facts, and the first fact in the statement showed the execution of a bond payable to the state of Kansas. This agreed statement was signed by the attorneys, and to it was attached an affidavit of the county attorney alleging all the matters prescribed in section 525 of the code, which provides for submitting a controversy without action. And the claim is, that this agreed statement, fully satisfying all the requirements of said section, must be considered as having superseded the pleadings, and as proceeding under said section; and that therefore the only matters to be considered are the facts in the statement. We cannot assent to this view, and for several reasons. There was an action pending. There was no pretense of any dismissal. There was no determination of the issues raised by those pleadings,

otherwise than by the judgment herein. The agreed statement does not purport on its face to supersede the pleadings, or to be a matter outside of the action then pending. The agreed statement is of facts embraced in the issues raised by the pleadings. The journal entry of the trial reads, that the parties "submitted their cause to the court for trial and the determination of all the issues, as well of law as of fact, made by the said pleadings on file herein, upon the agreed statement of facts signed by the parties respectively." A similar recital appears in the entry of the judgment. Now it seems to us a fair deduction, that court and parties alike looked upon this agreed statement as made in the case already pending, and as simply dispensing with further or other evidence in the case, and that it must be so regarded in this court. Of course then, it stands as admitted, that the proper bond was given. Do the further facts show any liability upon this bond? These are the facts:

At the October term 1868, the State of Kansas obtained a judgment against one Thomas Casad and his sureties, upon a forfeited recognizance for the sum of $5,000 in the district court of Johnson county, which judgment was never vacated, reversed, set aside, or modified.

On the 23d of June 1869, said J. Henry Blake, as county treasurer, received from the judgment-debtor the sum of $4,900 of Johnson county "scrip," or written promises to pay $4,900, commonly called "scrip," at the *face* thereof, in full payment and satisfaction of said judgment—$100 having been, prior thereto, paid to John T. Burris, county attorney, as his fees on said judgment of $5,000.

Said $4,900 in "scrip," less the *lawful* commission of said treasurer, was placed to the credit of the "school fund" of Johnson county, by said treasurer; and afterward the said treasurer (J. Henry Blake) delivered said $4,900 of county "scrip" to one Rev. C. E. Lewis, the county superintendent of schools of Johnson county, who discounted said "scrip" in the market at and for 75 cents on the dollar; that is to say, he sold said "scrip" at 25 cents less than its face. Johnson county "scrip" then, and at the time said J. Henry Blake received said $4,900 in "scrip" from the judgment-debtor, and at the time said Lewis as superintendent sold same, was selling, generally, in the market at such discount.

Said C. E. Lewis, county superintendent, after the sale of
the $4,900 of "scrip" as aforesaid, paid to J. Henry Blake,
treasurer, the sum of $3,675, the proceeds of said sale of
county "scrip," which the said treasurer placed to the credit
of the common-school fund of Johnson county, and which
said sum was duly apportioned among the various school dis-
tricts in Johnson county by said Lewis, and was paid out by
the said treasurer to the proper officers of said school districts
upon the written orders of said superintendent, from time to
time.

Said treasurer retained as his commission, on the $4,900
of "scrip" the sum of $147, and placed the residue, being
the sum of $4,753 in "scrip," to the credit of the "school
fund," and disposed of it as hereinbefore stated.

There has been no settlement of the foregoing matters be-
tween the plaintiff and defendants, or either of them; and
the said J. Henry Blake, defendant herein, waives all statutes
of limitations in this case.

Upon these facts we remark, in the first place, that it has
been already decided that the county commissioners were
proper party plaintiffs in an action like this, although the
funds when collected do not belong to the county for general
use, but only for distribution to the various school districts.
*Comm'rs Jackson County v. Craft*, 6 Kas. 145.   In the second
place, the county treasurer is by statute made the proper party
to collect the moneys due upon such a judgment of forfeit-
ure, as is disclosed by the agreed statement. Gen. Stat. 873,
§ 332; Gen. Stat. 929, § 75.  Having authority to collect,
if he receive anything other than money in full satisfaction
and discharge of the judgment, he renders himself liable for
the amount thereof.   If in the case before us he had taken a
certain number of wagons in satisfaction and discharge of
this judgment, he could not have turned the wagons over to
the county, or to the school districts, and thus relieved him-
self from responsibility.   This is not like the case in which
a treasurer assumes a personal trust toward the judgment-
debtor by receiving property upon a promise to dispose of it
and apply the proceeds on the judgment, in which case he
perhaps might not be responsible for anything more than the
proceeds; nor is it a case in which there was only a partial

collection of the judgment. He was under no obligations to receive this scrip in payment of the judgment; and if he did so, and satisfied and discharged it, he must make good the amount thereof. We remark again, that he could not discharge himself from liability by turning the scrip over to the county superintendent. His duty was to pay over school moneys to the school-district treasurers, and he had no authority to intrust either money or scrip to the superintendent. Gen. Stat. 929, §§ 74, 75.

And finally, it was unnecessary to prove a special demand, for the act of receiving the scrip in satisfaction of the judgment, and then delivering it to the county superintendent, was wrongful. If the testimony had disclosed simply that he had received the full amount of the judgment in money, it would doubtless be incumbent on the county to prove that he had failed to pay over this amount to the district treasurers, or to his successor in office. But the condition of his bond was that he should "faithfully and promptly perform the duties of his said office," should "well and truly pay according to law all moneys which shall come to his hands as treasurer," and should "deliver to his successor in office or to any other person authorized by law to receive the same, all moneys, books, papers and other things appertaining thereto, or belonging to his said office." Now he had not faithfully performed the duties of his office, for he had received scrip, when he should have received money; he had given this scrip to a person unauthorized to receive scrip or money from him, and in return had received a less amount in money. This was a breach of official duty, and *prima facie* entailed a loss. If notwithstanding, he claims that he made good this loss, and reimbursed the county, it is for him to make this appear. It may perhaps be proper to add, that as this action was not brought for more than two years after the expiration of the term of office for which this bond was given, and as the constitution provides that a county treasurer shall not hold more than two terms in succession, it is apparent that he had ceased to be county treasurer before the commencement

of this action. At any rate, the term for which this bond was given had long since expired.

We see no error in the proceedings, and must affirm the judgment.

All the Justices concurring.