IN THE MATTER OF THE CLAIM OF L. B. ISON, APPELLANT, FOR A FEE AND PERCENTAGE.

UNDERTAKINGS OF OFFICERS—NATURE OF ACTIONS ON.—Actions brought on official undertakings are not for the recovery of fines, penalties or forfeitures within the meaning of subdivision 4 of section 1041 of the code of civil procedure, allowing district attorneys ten per centum of the sum recovered.

APPEAL from Union County.

Appellant was, on the twenty-third day of July, 1877, and thereafter until the present time, district attorney for the fifth judicial district of the state of Oregon. Union county is in that district. On the twenty-third day of July, 1877, an action at law was commenced in the circuit court for Union county by the state of Oregon as plaintiff, against James Hendershott, M. Baker, John A. Childers and Arthur Warwick. The action was brought on the official undertaking of the said James Hendershott, as register of state lands for La Grande district, to recover certain sums of money received by him as such register, and which he failed to account for or pay over. The undertaking is made payable to the state of Oregon. The action was commenced by James H. Slater, as attorney for the state, who was employed by the board of school land commissioners, and who conducted the same. Appellant filed his written notice of appearance in said action as attorney for the state of Oregon, and claimed the right to conduct the same in virtue of his office as district attorney. On the fourteenth day of September, 1877, the plaintiff recovered against the defendants, on stipulation, the sum of eight thousand seven hundred and thirty dollars. At the October term, 1877, of said court, appellant applied to the court to allow him as his

fees in said action the sum of twenty-five dollars, and as percentage upon the amount therein recovered the sum of eight hundred and seventy-three dollars. The court held that appellant had no right to appear in or prosecute said action, and disallowed his claim for fees or percentage. From its order this appeal is taken.

*L. B. Ison*, appellant, appeared in person.

*Bonham & Ramsey*, for the Board of School Land Commissioners, respondents.

By the Court, WATSON, J.:

We have just decided in another case that the district attorney is entitled to appear and prosecute all actions, suits and proceedings in his district in which the state is a party, and for the prosecution of which no other mode is expressly provided by statute, and to receive a fee of twenty-five dollars for prosecuting each of said actions, suits or proceedings.

We have further decided that while the board of school land commissioners are authorized by law to employ counsel to assist in the collection of money due and belonging to the school and university funds, such employment does not relieve the district attorney from the duty of appearing for the state in actions, suits or proceedings brought in its name for the collection of such money. That decision settles the question whether in the case under consideration the appellant was entitled to appear and receive a fee of twenty-five dollars therefor in the affirmative.

In this case appellant claims further that he is entitled to ten per cent. of the amount recovered. He urges this claim on the theory that the action was for the recovery of a forfeiture, and that subdivision 4 of section 1041 of the code of civil procedure allows him ten per cent. of the amount recovered in such actions. We do not think this was "a civil action for the recovery of a fine, penalty or forfeiture" within the meaning of subdivision 4 of section 1041 of the code. The civil action provided for in that subdivision are actions brought to collect fines, penalties

and forfeitures for offenses where by law such fines, penalties and forfeitures may be collected by civil actions.

This is the class of actions mentioned in sections 342 and 343 of the code of civil procedure.   We think it also includes forfeited recognizances.   The action for prosecuting which the appellant claims fees in this case, was brought on the official undertaking of James Hendershott as register of state lands to recover against Hendershott and his sureties certain sums of money due from him to the state.   This action is provided for by sections 337, 338 and 339 of the code.

The undertaking in such cases is deemed a security to the state for the official delinquencies of the officer.   No more could be recovered than the amount due the state.   The undertaking, it is true, is forfeited, but this means no more than that the officer, by his misconduct, has rendered his sureties liable.   It is no more an action to recover a forfeiture than it would be had the state sued Hendershott to recover from him the amount due from him, not upon his undertaking, but personally.

We are of the opinion that the court below correctly refused to allow the appellant the percentage claimed by him.   The judgment of the court below will be so modified as that this cause be remanded with directions that it allow to appellant the sum of twenty-five dollars, and that it cause to be entered in its journal an order that the same be paid by the state of Oregon to the appellant.