Smith v. Collins.

J. L. Smith, *as Sheriff of Reno County, et al.*, v. Charles Collins *et al.*

Forfeited Recognizance — *Action, Where.* An action on a forfeited recognizance must be brought in the county in which the forfeiture occurred, without reference to the residence of the cognizors.

*Error from Reno District Court.*

The case is stated in the opinion.

*Shepard, Grove & Shepard,* for plaintiffs in error.

*Whiteside & Gleason,* and *Vandeveer & Martin,* for defendants in error.

Opinion by Simpson, C.: One L. H. Bowlus was charged with the crime of embezzling school funds belonging to District No. 2, of Barber county. He was arrested, taken before a justice of the peace in that county, had a preliminary examination, and was bound over to appear before the district court of that county. At the May term, 1881, he made an application for a change of venue, and the case was sent to the district court of Harper county for trial. In the district court of Harper county the case was continued from term to term, until the July term, 1882, when it was continued until the next term; and in default of bail in the sum of $3,000, the defendant Bowlus was committed to the jail of Harper county.

On the 5th day of August, 1882, Bowlus tendered to the sheriff a bond, of date July 31, 1882, for his appearance at the next term, signed by Hiram Raff and Charles Collins as sureties, and this bond was approved, and the defendant released from custody. Bowlus appeared at the next term of court, being the March term, 1883, was tried and found guilty, and disappeared before sentence was pronounced. On the 14th day of April, during the March term, a forfeiture of the recognizance was adjudged by the court. The county attorney brought suit on the forfeited recognizance, in Harper

county, and a summons was issued and personally served on Hiram Raff and Charles Collins, by the sheriff of Reno county, they being residents of that county, and never having resided in Harper county. Bowlus was not found, and the only persons served in the action were Raff and Collins, there being no surety on the recognizance residing in Harper county. A judgment was rendered against Raff and Collins in due time for the amount of the recognizance, $3,000, and costs. An execution was issued, and directed to the sheriff of Reno county; and Raff and Collins then commenced this action to restrain the sheriff of Reno county from levying the execution, and to perpetually enjoin the collection of the judgment. The board of county commissioners of Harper county were made parties on their application, and a trial was had at the July term, 1887, of the Reno county district court, which resulted in a judgment perpetually enjoining the collection of the judgment. The case was then brought here for review.

While there have been elaborate briefs filed, and a somewhat protracted oral argument made on the various questions raised in this case, its disposition in this court turns upon the one single question, as to whether or not a recognizance in a criminal case must be sued on in the county in which it was forfeited. Strictly speaking, a recognizance is a debt confessed to the state, which may be avoided upon the conditions stated. At common law the forfeiture of the recognizance was equivalent to a judgment, but no execution was awarded against the cognizors until after the return of a *scire facias.* The sole object of the writ of *scire facias* in cases of this character was to notify the sureties on the recognizance of the default of their principal, and give them an opportunity to show cause why the forfeiture should not be enforced by execution. Another theory of the common law was, that the cognizors, by an acknowledgment of the cognizance, had already submitted themselves to the jurisdiction of the court. Out of these two propositions — first, that the forfeiture of the recognizance was equivalent to a judgment, and second, that

by an acknowledgment of the recognizance the recognizors had submitted themselves to the jurisdiction of the court— grew a universal rule, that recognizances must be prosecuted in the court in which they were taken or acknowledged, or to which they were returned. This rule is in force to-day in this state, unless changed by statute. We have been unable to find any statutory definition of a recognizance, by the legislature of this state. The word recognizance is used in the statutes with reference to its well-defined legal meaning. And while the mode of taking them, and of enforcing the forfeiture, is changed in some respects to conform to our system of procedure, their legal characteristics still remain. They are not taken and acknowledged in open court, except perhaps in rare instances. When they are so taken, the appearance and acknowledgment of the recognizors are entered on the journals of the court. The usual mode now is by a written obligation and acknowledgment, and this is returned to the clerk, and is recorded in a book kept for that purpose, and called the recognizance docket. From the time of filing with the clerk, it has the same effect as if taken in open court. (Crim. Code, § 144.) The effect of this legislation is to make recognizances taken out of court, by the officers authorized by law to take them, a part of the record of the criminal case in which they are taken. They are still an obligation to the state, which may be avoided by the cognizors by producing the body of the person charged with the commission of a public offense, before the court, at such times as by the terms of the record, or the order of the court, he is required to appear. While they may be contracts, in the same sense that a judgment is a contract, they are not contracts within the ordinary significance of that word. The forfeiture of a recognizance is declared by the statute. (Crim. Code, § 152.)

"If, without sufficient excuse, the defendant neglect to appear for trial or judgment, or upon any other occasion when his presence in court may be lawfully required according to the condition of his recognizance, the court must direct the fact to be entered upon its minutes, and the recognizance of bail,

or money deposited as bail, as the case may be, is thereupon forfeited."

It is not necessary that there shall be a formal and express declaration by the court that the recognizance is forfeited. The fact that the defendant did not appear at the time required by the terms and conditions of the recognizance or the order of the court, is entered on the journals as the evidence that the conditions were not complied with, and the forfeiture follows by the operation of law. It has been held in this court that it is not material in a suit on a forfeited recognizance that it be shown that the default was ever in fact entered of record. (*Barkley v. The State*, 15 Kas. 99.) And this is upon the theory that the default or act of omission is but the evidence of the forfeiture. As a matter of proof the record would be the best and most satisfactory evidence; but if there is no record of the default, it can be proven *aliunde*. (*Ingram v. The State*, 10 Kas. 630; Crim. Code, § 154.)

Section 332 of the criminal code provides:

"All fines and penalties imposed, and all forfeitures incurred, in any county, shall be paid into the treasury thereof, to be applied to the support of the common schools."

Fines and penalties are imposed by the court; forfeitures are incurred by the party liable or subject to the condition. A failure to perform the condition upon which the cognizors were to be excused from paying the amount of the bond is a forfeiture imposed by the express terms of the statute, and comes within the operation of § 332 of the criminal code, quoted above. (*In re Ison*, 6 Ore. 469.) In the case of *Blake v. Comm'rs of Johnson Co.*, 18 Kas. 266, this court expressly declares that the county treasurer is by the statute made the proper party to collect moneys due on a judgment of a forfeited recognizance, and that his duty is to pay the money collected on such a judgment to the school-district treasurers. And this has been the uniform practice in this state ever since its admission. All officers have acted in accordance with this understanding. County officers have been so advised by the attorney general of the state. Every provision of the statute

is framed and proceeds on the theory that a broken recogni-
zance is a forfeiture; and this court has universally applied
that term to a defaulted recognizance. If it is not a forfeiture,
the money arising therefrom does not belong to the school
fund. If it is not a forfeiture, it is not properly placed in
§ 332 of the criminal code, because with the exception of the
recognizance, or money deposited in lieu thereof, there are no
other moneys to be forfeited to the state in a criminal pro-
ceeding by failure to perform any condition created by statute
or any order within the power of the court to make. The
implication of all statutory expression is, that an action on a
forfeited recognizance must be brought in the county in which
the forfeiture was incurred; and this is in accordance with the
case of *Crisman v. The People*, 3 Gilman, 351.

Section 43, code of civil procedure, provides that an action
for the recovery of a fine, forfeiture or penalty, imposed by
statute, must be brought in the county where the cause of ac-
tion arose. This broken recognizance is a forfeiture, (*In re
Ison*, 6 Ore. 471,) and the action for the recovery of the amount
of the forfeiture was rightfully brought in Harper county,
where the recognizance was an obligation of record. It fol-
lows that the district court of Harper county had jurisdiction
both of the subject-matter of the action and of the persons of
Raff and Collins, and that the judgment of the district court
of Reno county is wrong. The plaintiffs in error are not
estopped by their motion for, and order of, revivor. Pending
these proceedings in error, Hiram Raff died, and this cause
was revived both in this and in the district court. The plain-
tiffs in error had the legal right to have the action revived
against the legal representatives of Raff, and are not estopped
by this from now claiming that there was error in the record.

It is recommended that the judgment be reversed, and the
cause remanded to the district court with instructions to ren-
der a judgment in accordance with this opinion.

By the Court: It is so ordered.

All the Justices concurring.