## SCHAFFER v. BOARD OF COM'RS OF MUSKOGEE COUNTY.

No. 3612.   Opinion Filed June 25, 1912.

(124 Pac. 1069.)

1.   **STATUTES—Construction—Mistakes.**   Where words have been erroneously used in a statute and the context affords the means of correction, the proper words will be deemed substituted.

2.   **CLERKS OF COURTS—Compensation—Statutes—"Clerk of the County Court."**   Section 15a of chapter 69, Sess. Laws 1910, provides that the clerk of the county court shall receive as full compensation in counties having over 50,000 population not to exceed $125 per month.   Section 30 of the same act provides that "the clerk of the district court, the clerk of the superior court, the county clerk, the county treasurer, and the register of deeds shall receive as their full compensation the following salaries:   In counties having a population of not to exceed 7,000: The clerk of the district court and register of deeds, per annum, $1,000.00.   The county clerk and clerk of the county court, per annum, $1,000.00.   The treasurer, per annum, $900.00."   **Held,** that the words "clerk of the county court" were erroneously used,

and that the words ''clerk of the superior court'' should be deemed substituted therefor.

(Syllabus by the Court.)

*Error from District Court, Muskogee County; R. P. de Graffenried, Judge.*

Claim of Charles Schaffer against the Board of County Commissioners of Muskogee County. From a judgment of the district court on appeal from an order disallowing the claim in part, the plaintiff brings error. Affirmed.

*Chas. A. Moon,* for plaintiff in error.

*W. E. Disney,* Co. Atty., for defendant in error.

DUNN, J. This case presents error from the district court of Muskogee county. The controversy grows out of a refusal on the part of the board of county commissioners of the said county to allow a claim in the sum of $250 against the salary fund in favor of plaintiff in error for services as clerk of the county court for the month of December, 1911. The claim was allowed in the sum of $125, and disallowed in the sum of $125, from which action plaintiff in error on the 11th day of January, 1912, appealed to the district court, where the cause was tried, on an agreed statement of facts setting up that the said plaintiff was clerk of the county court of Muskogee county, and had been such clerk since January 8, 1911, the filing with the board of county commissioners and action thereon of his claim, as above stated, and that the population of Muskogee county was more than 50,000. Thereafter, and on the 12th day of February, the court made its findings of fact substantially the same as set forth in the agreed statement filed by counsel, and stated its conclusions of law thereon as follows:

"The court further finds, as conclusions of law, that the salary of the clerk of the county court of Muskogee county is fixed by section 15a of chapter 69 of the Session Laws of Oklahoma, 1910, to be the sum of $125 per month."

Judgment was entered accordingly, from which action appeal has been lodged in this court on a transcript of the record.

The Legislature in 1910 passed an act entitled "County Fee and Salary Law" (chapter 69, Sess. Laws 1910,), section 15 of which created the office of clerk of the county court. Section 15a thereof provided that "the clerk of the county court shall receive as full compensation the following amount to be allowed by the board of county commissioners, payable monthly * * * in counties having over 25,000 population, not to exceed $125 per month." Section 30 of the same act provides:

"The clerk of the district court, the clerk of the superior court, the county clerk, the county treasurer, and the register of deeds shall receive as their full compensation the following salaries: In counties having a population of not to exceed 7,000: The district clerk and register of deeds, per annum, $1,000.00. The county clerk and clerk of the county court, per annum, $1,000.00. The treasurer, per annum, $900.00."

Here follows a scale of population of the counties with a corresponding scale of salaries.

It is the contention of counsel for plaintiff that section 30 of chapter 69, Sess. Laws 1910, repealed section 15a of the said act. On the other hand, it is the contention of counsel for defendant that that portion of the tabulated subdivision of section 30, *supra,* which reads, "the county clerk and the clerk of the county court, per annum, $1,000.00," is, so far as the same says "clerk of the county court," a mistake, and that it was the intention of the lawmaking authority to include the "clerk of the superior court" in the tabulated subdivision referred to instead of the "clerk of the county court."

It will be noted that section 15a, *supra,* specifically provides for the full compensation of the clerk of the county court, and that section 30 provides for the compensation of the "clerk of the district court, the clerk of the superior court, the county clerk, the county treasurer, and the register of deeds," and no mention is made of the "clerk of the county court" except in the tabulated subdivision thereof, and in which tabulated subdivision reference is not made to the "clerk of the superior court," about which office, along with the others, the section is specifically dealing. In taking this view, therefore, we are confronted with the question of whether or not this court, having ascertained the

intention of the Legislature, may substitute the words "clerk of the superior court" for the words "clerk of the county court" in the statute so as to give it the effect intended.

While we are not unmindful of the dangers attending the exercise of such powers by the court, yet in an unbroken line of authorities it is held that, "wherever one word has been erroneously used for another, and the context affords the means of correction, the proper word will be deemed to be substituted." 2 Lewis' Suth. Stat. Const. (2d Ed.) sec. 383; Endlich on Int. of Stats. secs. 295, 319, and cases therein cited; *Territory ex rel. v. Clark,* 2 Okla. 82, 35 Pac. 882; *Stiles, Treasurer, et al. v. City of Guthrie,* 3 Okla. 26, 41 Pac. 383; *State ex rel. v. Hooker,* 22 Okla. 712, 98 Pac. 964; *State v. Hooker,* 26 Okla. 460, 109 Pac. 527; *Haney v. State,* 34 Ark. 263.

Discussing this rule, the Supreme Court of Arkansas in the case of *Haney v. State, supra,* said:

"It is very true, as a general rule of construction, that, where the language of an act is plain and unambiguous, the court must give it effect, as it stands, or declare the law unconstitutional. But this rule is subject to much qualification, and does not apply to cases of plain clerical errors, where it is obvious that the Legislature did not intend to use the word as written, and it is further apparent what word they did intend. A mistake of this nature may be corrected by the courts, upon as sound principle as the mistake in a deed. It is not judicial legislation, nor judicial interference with the legislative will. It is in support of the legislative will, and wholly distinct from the reprehensible practice of warping legislation to suit the views of the courts as to correct policy. The only conditions to be observed in the exercise of the power of literal correction are that the courts should be thoroughly and honestly satisfied of the legislative intent, irrespective of the policy of the act."

In the following cases, words were changed so as to give to the statute the legislative intent: "Acts" was read "act" (*Jocelyn v. Barrett,* 18 Ind. 128); "venire" was read "venue" (*Graham v. Railroad Co.,* 64 N. C. 631); "final judgments" was read "penal judgments" (*Moody v. Stephenson,* 1 Minn. 401 [Gil. 289]); "first day of July" was read "first Monday in July" (*Burch v. Newbury,* 10 N. Y. 374); "county" was read "city"

(*Lancaster County v. Frey,* 128 Pa. 593, 18 Atl. 478); "plaintiff" was read "defendant" (*Hooper v. Birchfield,* 115 Ala. 226, 22 South. 68); "all civil and criminal business" was read "all civil and criminal causes of action" (*White v. Rio Grande Western Ry. Co.,* 25 Utah, 346, 71 Pac. 593). Instances wherein the courts have changed the wording of a statute could be noted at length, but we deem the above sufficient.

In the case at bar we are thoroughly satisfied that the Legislature, when it used the words "clerk of the county court" in the tabulated subdivision of section 30 of chapter 69, Sess. Laws 1910, intended the words "clerk of the superior court" instead, and the lower court in so holding was correct.

The judgment of the trial court is accordingly affirmed.

TURNER, C. J., and HAYES and KANE, JJ., concur; WILLIAMS, J., absent, and not participating.