## LUND v. NICHOLS et al.

No. 27082. May 12, 1936.

J. Berry King, George J. Fagin, and William L. Murphy, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for defendants in error.

WELCH, J. The ultimate question here is whether the State Board of Public Affairs or the Commissioners of the Land Office is the body clothed with authority to execute an oil and gas lease on state owned lands.

Section 32, article 6, of the Constitution gives to the Commissioners of the Land Office authority over the school lands and other public lands of the state, and section 28, article 3, chapter 28, S. L. 1935, specifically authorizes that body to execute oil and gas leases on such public lands. While section 1, article 4, chapter 20, S. L. 1935, authorizes and empowers the State Board of Public Affairs to lease for oil and gas such lands as are under their control and management.

Contention is made that said section 1, article 4, should not be so construed on account of asserted ambiguity, but, considering the subject-matter of the legislation, it is perfectly clear to us that this was the legislative intent, and we, therefore, so construe the provision. Territory of Oklahoma ex rel. John J. Sampson et al., Board of County Commissioners of Logan County, v. Clark, Trustee and Assessor of Spring Creek Township, Logan County, 2 Okla. 82, 35 P. 882; State Mutual Insurance Co. v. Clevenger, 17 Okla. 49, 87 P. 583; Board of Com'rs of Creek County v. Alexander, State Treas., 58 Okla. 128, 159 P. 311; De Hasque v. Atchison, T. & S. F. Ry. Co., 68 Okla. 183, 173 P. 73; In re Assessment of Ernest Price, 88 Okla. 156, 212 P. 424; Ledegar v. Bockoven, Co. Treas., 77 Okla. 58, 185 P. 1097; Board of Education of Oklahoma City v. Woodworth, 89 Okla. 192, 214 P. 1077; Blevins v. W. A. Graham Co., 72 Okla. 308, 182 P. 247; Lee, Treas., v. Roberts, 3 Okla. 106, 41 P. 595; Brown v. Woods, 2 Okla. 601, 39 P. 473; In re Cleveland's Claim, 72 Okla. 279, 180 P. 852; Carlile v. National Oil & Development Co., 83 Okla. 217, 201 P. 377; McGannon, Adm'x, v. State ex rel. Trapp, 33 Okla. 145, 124 P. 1063; Stiles, Treas., v. City of Guthrie, 3 Okla. 26, 41 P. 383; Oklahoma Natural Gas Co. v. Corporation Commission, 90 Okla. 84, 216 P. 917; Protest of Chicago, R. I. & P. Ry. Co., 137 Okla. 186, 279 P. 319; Oklahoma Coal Co. v. Atkinson, 121 Okla. 59, 247 P. 366; Schaffer v. Board of Com'rs of Muskogee County, 33 Okla. 288, 124 P. 1069; Chicago, R. I. & P. Ry. Co. v. Gist, 79 Okla. 8, 190 P. 878.

It is not all real estate owned by the state that comes under the classification of "public lands." That term is often used as synonymous with public domain, and when so considered its meaning is clear. While other state owned real estate which has been designated for use for some specific state governmental purpose, and occupied and used therefor, as, for instance, Capitol Building site and Executive Mansion site, is not a part of the public domain or public lands of the state within the meaning of section 32, article 6, of the Constitution. We quote from 50 C. J. page 886, as follows:

"The term 'public lands' or 'public domain,' which are regarded as synonymous, are habitually used in the United States to designate such lands of the United States or of the states as are subject to sale or other disposal under general laws, and are not held back or reserved for any special governmental or public purpose. * * *"

See, also, Newhall v. Sanger, 92 U. S. 761, 23 L. Ed. 769; Bardon v. Northern P. R. Co., 145 U. S. 535, 12 Sup. Ct. 856, 36 L. Ed. 806; State of Oklahoma v. Texas, 258 U. S. 574, 66 L. Ed. 771.

Prior to 1935 (and that is still unchanged), the State Board of Public Affairs had the management and control of state buildings used for governmental purposes, and incident thereto had the management of the real estate upon which such buildings are constructed, and of the real estate constituting the grounds thereof. It seems beyond question that the Legislature had the power to grant specific authority to such board to lease any such real estate for oil and gas. And section 1, article 4, chapter 20, S. L. 1935, is not violative of section 32, article 6, of the Constitution. The Legislature may well be without authority to take from the Commissioners of the Land Office the management of lands of the public domain or public lands, but we find no difficulty in concluding, if the real estate is taken out of that classification and appropriated for use and used and occupied for state governmental purposes coming under the management of the State Board of Public Affairs, that then, in connection with and in-

cident to the management and control thereof by that board, the Legislature may grant that board the authority conferred by section 1, article 4, chapter 20, S. L. 1935.

It is shown by the briefs and oral argument that the only land involved in the present contention of the parties is the land adjacent to the Capitol Building and the Executive Mansion and constituting the grounds thereof, and altogether constituting the general tract of land occupied and used in connection with those buildings and located on Twenty-Third street and south of that street on Lincoln boulevard in Oklahoma City. It is shown that the judgment of the trial court dealt with the contentions of the parties upon that basis. Such land is clearly under the management and control of the Board of Public Affairs, and that board, under section 1 of article 4, chapter 20, S. L. 1935, is authorized to execute oil and gas leases thereon. Therefore, as to such lands, the demurrer to plaintiff's petition was properly sustained, and that order and judgment must be affirmed.

This is not to say that the Board of Public Affairs has authority to lease any other lands of any different character or location from the lands here considered. The right of the Board of Affairs to lease other lands not so used may present further question, and we confine our determination here to the exact present controversy. The judgment of the trial court is affirmed, and for good cause appearing to require it, it is ordered that the time for filing petition for rehearing is fixed at five days from the filing of this opinion.

OSBORN, V. C. J., and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. McNEILL, C. J., and RILEY and BAYLESS, JJ., absent.