## SMITH v. MARLAND et al.

No. 27543.   Nov. 17, 1936.

Charles Hill Johns, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Randell S. Cobb, Asst. Atty. Gen., and Frank B. Appleman, for defendants in error C. C. Childers, Frank Carter, Harry B. Cordell, and A. L. Crable, as Commissioners of the Land Office of the State of Oklahoma.

WELCH, J. The plaintiff contends that the authority to lease the lands here involved for oil and gas purposes rests in the State Board of Public Affairs by virtue of article 4, chap. 20, S. L. 1935, and other sections of the statute giving such board the fiscal management of the affairs of the State University, while the defendants contend that such authority is vested in the Commissioners of the Land Office by the provisions of chapter 106, S. L. 1933, and certain sections contained in article 5, chap. 28, O. S. 1931. The lands involved have heretofore been set aside as a part of the grounds of the Medical Department of the State University, and are located in Oklahoma City. The trial court held with the defendants and denied the injunction.

We are referred to Lund v. Nichols et al., 177 Okla. 65, 57 P. (2d) 592, a recent decision of this court to the effect that article 4, chapter 20, S. L. 1935, conferred authority upon the State Board of Public Affairs to lease certain lands dedicated for use as State Capitol and Executive Mansion grounds. That case did not involve a consideration of the statutory provisions herein relied upon by the defendants, nor did it involve lands designated for the use, benefit, and occupancy of a state educational institution. The cited case, however, did recognize the authority of the Legislature to choose which proper agency it would employ for the purpose of making oil and gas leases on state-owned lands set apart for a specific use and withdrawn from the general classification of public lands or public domain.

Our problem here is to determine which of the two bodies has been designated by the Legislature for the leasing purpose mentioned. It is conceded by the parties here that one or the other of the two mentioned bodies has been granted the authority and that it does not repose elsewhere.

Article 4, chap. 20, S. L. 1935, provides as follows:

"The State Board of Public Affairs is hereby authorized and empowered to sell and to execute oil and gas or mineral leases, or such State Board of Public Affairs may enter into drilling contracts with persons or corporations for the drilling of oil and gas wells on any such property owned by the state, upon the basis of the retention of at least one-eighth (⅛), plus cash bonus of the royalty in such leases. Such board shall advertise any such lease or leases or drilling contracts for sale for a period of at least twenty-one (21) days in a legal newspaper published and of general circulation in the county where said lands are located and shall award the same to the highest and best bidder; providing that all bidding shall be under sealed bids. The Board of Affairs is authorized to promulgate such additional rules and regulations as may be deemed necessary. All

monies derived from the sale of such leases and royalties, or accruing from any other contract so made, shall be converted into the general revenue fund of the state.

"Chapter 190, of the Session Laws of Oklahoma, 1933, and all other acts or parts of acts in conflict herewith are hereby repealed."

It is evident that the act is not a model of clearness in designating the exact lands to which the same applied. It was held, however, in the Lund Case, supra, that it sufficiently referred to the Capitol and Executive Mansion grounds which were under the direct control of the State Board of Public Affairs. It must have referred to lands under the control of that board, and as to the lands considered in the Lund Case there was no other legislative expression indicating the contrary.

In the instant case, however, we have other legislative enactments dealing specifically with the character of lands herein involved. Chapter 106, S. L. 1933, is, according to its title:

"An Act amending sections 5586 and 5594, Oklahoma Statutes 1931, relating to the leasing for oil and gas mining purposes any or all of state-owned lands set apart and designated for the use, benefit, and occupancy of state educational institutions."

Section 5586, O. S. 1931, related to state-owned lands which are a part of the public lands or public domain, as referred to in the Lund Case, supra, and article 5 of chapter 28, O. S. 1931, of which said section is a part, and particularly section 5588 thereof, authorized the leasing of such lands for oil and gas purposes by the Commissioners of the Land Office.

Section 1 of said chapter 106, S. L. 1933, provides:

"Section 1. Section 5586, Oklahoma Statutes 1931, is hereby amended to read as follows:

"Section 5586. When any tract of the school or other public lands, granted to the state of Oklahoma under the act of Congress known as the 'Enabling Act' or any or all of state-owned lands set apart and designated for the use, benefit, and occupancy of state educational institutions, is known by the Commissioners of the Land Office of the state to contain oil or gas, or where such lands are, by said commissioners, deemed valuable for oil and gas purposes, such commissioners shall enter of record in their office their finding, declaring that such oil or gas character exists, and further declaring that the oil and gas character exists, and further declaring that the oil and gas deposits

are segregated from the surface use and interest therein, and such segregation of such deposits shall conclusively withhold the same from sale, lease or other alienation, except as provided in this article."

It is to be observed that the amendment added to the existing authority of the Commissioners of the Land Office the additional authority to lease any or all of the state-owned lands set apart and designated for the use, benefit, and occupancy of state educational institutions. But it is said by plaintiff that article 4, chap. 20, S. L. 1935, repealed section 1, chap. 106, S. L. 1933, and the previous legislative acts granting authority to the Commissioners of the Land Office to lease for oil and gas purposes. We note that section 2 of the 1935 act specifically repeals chapter 190, S. L. 1933, and generally repeals all other acts or parts of acts in conflict with the 1935 act.

It is to be observed that chapter 190, S. L. 1933, did not grant authority to the Commissioners of the Land Office to lease lands other than public lands. It did not make specific provision for the leasing of lands dedicated to state educational institutions, and the repeal of that act appears to be of little importance here.

It remains for us to determine whether the general repealing clause adopted as section 2 of article 4, chapter 20, S. L. 1935, can be said to repeal chapter 106, S. L. 1933, and section 5588, O. S. 1931. There was no specific repeal of either.

In Huston v. Scott et al., 20 Okla. 142, 94 P. 512, the court said:

"A general repealing clause in an act is a legislative expression which carries with it a repealing effect only where by law the effect would be the same without such repealing clause."

And in State v. Oldfield, 22 Okla. 863, 98 P. 925, the court said:

"The presumption is that the Legislature does not intend to make any change in the existing law, except as is expressly declared. * * *"

And in A., T. & S. F. Ry. Co. v. Haynes, 8 Okla. 576, 58 P. 738, the court said:

"It is a well-established and familiar rule in the construction of statutes that an express law conferring certain special rights or privilges is held never to be repealed by a subsequent statute treating a subject in general terms, and not expressly contradicting the provisions of the prior statute, unless it be absolutely necessary to do so in order to give its words meaning and effect."

230

And in State ex rel. King, Attorney General, v. White et al., 170 Okla. 126, 39 P. (2d) 69, it was held:

"Where two statutes cover in whole or in part the same matter, and are not absolutely irreconcilable, the duty of the court—no purpose to repeal being clearly expressed or indicated—is, if possible, to give effect to both in so far as they are not irreconcilable.

"Repeals by implication are not favored, and, in construing separate enactments of the Legislature, that conclusion as to their intent must be reached, if possible, so as to give effect to each provision, and an earlier statute will not be held to be repealed by a later one by implication, unless the conflict between the two is irreconcilable.

"Where there are two statutes upon the same subject, the earlier being special and the later general, the presumption is, in the absence of an express repeal, or an absolute incompatibility, that the special is to remain in force as an exception to the general."

The 1935 act above quoted was very general and dealt only with "any such property owned by the state." It was held in the Lund Case, supra, that it was sufficient to refer to such lands as were therein involved, but there were no other statutes dealing specifically with the character of lands involved in that case. Here we have such other statutes in chapter 106, S. L. 1933, and section 5588, O. S. 1931, and the same cannot be said to be in conflict with an act which contains only such a general reference to property owned by the state as is found in the quoted 1935 act. We, therefore, hold that those provisions were not repealed by the quoted 1935 act.

Our conclusion with reference to the above quotation renders it unnecessary for us to decide other questions presented by the defendants. The cause is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. RILEY and BAYLESS, JJ., absent.