## Application of GROVER MARKS.

No. A-9716. Sept. 6, 1939.
(93 P. 2d 1103.)

Hughes & Dickson, of Guymon, Robert Burns, of Oklahoma City, and J. F. Murray, of Ponca City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

BAREFOOT, J. Petitioner has filed in this court an application for an order requiring the approval of an appeal bond by the district court of Harper county. The petition recites that petitioner was convicted in Harper county of the crime of robbery on June 30, 1939, and sentenced to serve ten years in the penitentiary. That his appeal bond was set at $5,000, and he was granted 24 hours in which to make and file said bond. That being unable to make the bond in the time allowed, he was delivered to the warden of the penitentiary at Granite, where he is now confined. That on the 26th day of July, 1939, he presented to the court clerk of Harper county his appeal bond in the sum of $5,000, conditioned as required by law. A copy of the bond is attached to his petition. The bond was not approved by the court clerk of Harper county, and application is here made for an order directing that same be approved. Notice was

served upon the county attorney of Harper county and the Attorney General, and a hearing was had upon the application. The county attorney of Harper county was not present, and no resistance to the order was made by the Assistant Attorney General.

The record reveals that the case made for appeal was filed in this court on August 15, 1939, and prior to the application for approval of the appeal bond.

The record reveals that the surety signing the bond filed a schedule of property showing a net value of $62,500, which consists of a two-story brick building in Ponca City, Kay county; residential property other than homestead of surety; a quarter section of land each in Creek and Latimer counties; a half section of land in Beckham county, and other property.

Also attached to the application is a letter from the court clerk of Kay county, which is as follows:

"To Whom it May Concern:

"The bond of Grover Marks, defendant who was convicted in Harper County, Oklahoma, has been handed to me. The sureties who reside here are good substantial people, own the property listed, and in my opinion the bond is perfectly good, and if it was presented to me for approval, I would approve it. Mr. Galanter has resided in Kay County for a number of years, I know him personally and he is regarded as a very substantial citizen and with quite a lot of property, among these being a two story brick business building, now leased to the Hill Funeral Home. I think the bond is good and should be approved.

"(Signed) H. L. Smiley,
"Court Clerk."

At the hearing it was stated by counsel that the refusal of the clerk to approve the bond was for the reason that the surety who scheduled was not a resident of Harper county. The statute, Oklahoma Statutes 1931,

section 91; Oklahoma Statutes Annotated, Title 12, section 62, provides:

"The surety in every undertaking provided for by this code or other statutes unless a surety company, must be a resident of this state and worth double the sum to be secured, over and above all exemptions, debts and liabilities. Where there are two or more sureties in the same undertaking they must in the aggregate have the qualifications prescribed in this section."

It will thus be seen that the statute only requires that the surety "must be a resident of this state and worth double the sum to be secured, over and above all exemptions, debts and liabilities."

At the hearing this court required the signature of a surety, who was a resident of Harper county, so that the district court of that county would be given jurisdiction if suit was filed on the bond. Some authorities hold that this is unnecessary, but it has generally been the practice in Oklahoma. Smith v. Collins, 42 Kan. 259, 21 P. 1058. From the hearing and the showing made, we are of the opinion the appeal bond in question should be approved, and it is so ordered.

It is further ordered that a copy of this opinion should be sent to the warden of the penitentiary at Granite, and that the original bond, which is attached to this application, should be approved by the clerk of this court. And when the same is so approved it should be returned to the court clerk of Harper county, who should record the same and retain it in the manner provided by law. That the clerk of this court, before returning said bond, should make a certified copy of the same to be retained in the files of his office.

DOYLE, P. J., and DAVENPORT, J., concur.