THE NATIONAL COUNCIL OF THE KNIGHTS AND LADIES OF SECURITY v. H. M. PHILLIPS, *as Treasurer, etc.*

No. 12,639.   ( 66 Pac. 1014.)

SYLLABUS BY THE COURT.

1. BENEVOLENT ASSOCIATION — *Case Followed.*   The case of *National Council v. Shawnee County*, immediately preceding (66 Pac. 1011), cited and approved.

2. ——— *Exemption from Taxation—Reserve Fund.*   Funds belonging to a charitable or benevolent association, which are invested by it for the purpose of deriving an income therefrom, are not "appropriated solely to sustain such association," and, hence, are not exempt from the burden of taxation.  (*Stahl v. Educational Assoc'n*, 54 Kan. 542, 38 Pac. 796.

Error from Shawnee district court; Z. T. HAZEN, judge.   Opinion filed December 7, 1901.   Division two. Affirmed.

*D. C. Tillotson*, for plaintiff in error.

*Galen Nichols*, county attorney, for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : This is a companion action to the case of *National Council v. Shawnee County*, immediately preceding ( 66 Pac. 1011 ), and is brought to enjoin the collection of the tax levied on moneys and credits of the assessed value of $49,515, which the plaintiff in error had in its reserve fund on the 1st day of March, 1900, and which it claimed to be exempt from taxation under subdivision 4 of section 7504, General Statutes of 1901, which reads as follows :

"All moneys and credits belonging exclusively to .   .   . benevolent and charitable institutions or associations, appropriated solely to sustain such institutions or associations, not exceeding in amount or in income arising therefrom the limit prescribed by the charter of such institution or association."

The court below refused to grant a permanent injunction restraining the collection of the tax and the plaintiff brings the case here.

We fully discussed the character of the association in the preceding case, and found that it is not a benevolent or charitable institution within the purview of this statute. In addition to the reasons given in that case for the funds not being exempt, we might have stated the following : This reserve fund is created by certain assessments on the members of the order ; it is invested by the executive committee, and the income derived therefrom is used in the payment of death losses when sums sufficient for that purpose are not realized from the regular death-loss assessments. It will be noted that the fund, in order to be exempt under the statute, must not only belong to the benevolent or charitable association, but must be ap-

propriated solely to sustain such association. The investment of the funds in income-producing securities eliminates them from the provision of the statute; the exemption exists only so long as the moneys and credits are appropriated solely, or only, to sustain such institutions.

In *Stahl v. Educational Assoc'n*, 54 Kan. 542, 38 Pac. 796, the language of the special act on which the association relied for exemption was "appropriated for the exclusive purpose of religion or education," and the court held that the property was not exempt thereunder if held for lease, or investment, or profit. In that case the court, on page 550, said:

"If we were to construe the charter of the association as exempting from taxation real estate occupied by a tenant, because the rents or profits are applied 'for the exclusive purpose of religion or education,' then, under its charter, the association could receive and hold large amounts of property, which it could invest in business or loan at interest without paying taxes thereon, if the profits or interest were applied to the designated purposes. If the association might do that, it could go farther, and operate a bank, a store, or any other enterprise, which it had obtained by devise, or otherwise, if the profits were applied exclusively to the purposes of religion or education." (See, also, *Life Association v. Hill*, 51 Kan. 636, 33 Pac. 300; *Fort Des Moines Lodge No. 25, I. O. O. F., v. The County of Polk*, 56 Iowa, 34, 8 N. W. 687.)

The question is raised in this case, and also in the one preceding, that the provisions of section 7504, General Statutes of 1901, are unconstitutional, because the exemptions from taxation therein made are in excess of those contained in the constitution; or, at least, that the exemptions of the statute are invalid to the extent that they exceed those of the con-

stitution. In our view of the character and purpose of the plaintiff association, it is not necessary to pass on that question.

The judgment of the court below will be affirmed.

GREENE, POLLOCK, JJ., concurring.