THE LIFE & ANNUITY ASSOCIATION, *Appellant*, v. JACOB
G. SHILLING, *as County Treasurer, etc., Appellee.*

No. 17,391.

### SYLLABUS BY THE COURT.

TAXATION—*Building of Fraternal Beneficiary Association—Not
Exempt.* Real estate obtained by an appropriation made by a
fraternal beneficiary association from its reserve or emer-
gency fund for a home office building, occupied and intended
to be permanently used for that purpose, is not exempt from
taxation as a part of such fund, under the provisions of sec-
tion 4313 of the General Statutes of 1909.

Appeal from Brown district court. Opinion filed
January 6, 1912. Affirmed.

*F. M. Pearl,* and *Means & Archer,* for the appellant.
*Sample F. Newlon,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: This appeal is from a judgment sus-
taining a demurrer to a petition on the ground that it
did not state facts sufficient to constitute a cause of
action.

The question to be determined is whether certain
real estate of a fraternal beneficiary association is ex-
empt from taxation as a part of the reserve or emer-
gency fund of the order.

It appears from the petition that the association is a
fraternal society operating under the provisions of
article 11 of chapter 55 of the General Statutes of 1909
(Gen. Stat. 1909, §§ 4303-4318), relating to insurance.
Previous to August, 1908, it had accumulated a re-
serve or emergency fund of over $20,000. At a meet-
ing of the national council of the order it was resolved
that $20,000 of this fund should be appropriated for
the purchase of a site and the erection of a home office
building at Hiawatha. The appropriation was used in

buying the lot and erecting the building, upon which the taxes in question were levied, and the property is reasonably necessary for the transaction of the business of the association. It is further alleged that the association "has created and continues to create and maintain and disburse a reserve or emergency fund in accordance with its constitution and by-laws, for the payment of benefits and death losses only, which reserve or emergency fund is exempt from taxation," and that the property in question "is carried as a reserve investment and so admitted by the superintendent of insurance of the state of Kansas," and all rents and profits derived from it are covered into the reserve or emergency fund.

The statute provides:

"Such associations may create, maintain and disburse a reserve or emergency fund in accordance with their constitution or by-laws." (Gen. Stat. 1909, § 4303.)

"The money or other benefit, charity, relief or aid to be paid, provided or rendered by any association authorized to do business under this act and the reserve or emergency fund of such association shall . . . be exempt from all taxes." (Gen. Stat. 1909, § 4313.)

If it be true that the property in question is a "reserve or emergency fund," then under the statute it is exempt from taxation. Otherwise it must bear its equitable burden as other property. The argument is made that, as the statute does not direct how the fund shall be invested, the association may provide for its preservation, and therefore may invest it in real estate. The action of the order, however, in appropriating the money for a home office building appears to have been intended as a permanent diversion of the fund from the purpose for which it was created, rather than an investment to preserve it for that purpose. It may be conceded that a fund so accumulated from assessments for the sole purpose of paying benefits can, if neces-

sary for that purpose, and when equity requires it, be followed, and that property into which it can be traced may be sold, and the fund extricated and applied to the purposes for which it was paid in, but the association is not in a situation to invoke this doctrine. No such necessity exists, nor is it contemplated. The preamble and resolution of the national council making the appropriation, the design of the building, and its use, conclusively show that a permanent diversion of the fund was intended. The fact that the condition of that fund may at some future time require the restoration of the money so taken does not justify the withdrawal of the property from taxation. For the purposes of this suit it must be supposed that the action of the association was justified by the existence of a surplus so large that in justice to all concerned the amount appropriated might be permanently withdrawn from the fund.

The averment of the petition that this real estate "is carried as a reserve fund" must relate to the matter of bookkeeping, which does not alter the fact that it is not an emergency fund at this time. It is true that the term "fund" may in a general sense embrace property as well as money and securities, while held for the purposes for which the accumulation designated by that name was created; but property intended and used for an entirely different purpose, obtained by money deliberately and permanently withdrawn from the fund, with no purpose or thought of restoration, is not a part of the fund, at least in any sense that can justify a claim of exemption from taxation. (See, also, *National Council v. Shawnee County*, 63 Kan. 808, 66 Pac. 1014.)

The judgment, being in harmony with these views, is affirmed.