## Commonwealth v. Kentucky Heating Company.

(Decided May 21, 1918.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Taxation—Taxation of Franchise—Assessment of Omitted Property of Corporation by a Revenue Agent—What is Omitted Property? —Where a corporation is required to report certain items or species of property, and the value thereof, and it fails to report any item or species of property that it owns, the item or species of property, so omitted, may be assessed at the suit of a revenue agent.

2. Taxation—Taxation of Franchise—Omitted Property—Burden of Proof.—In a suit by a revenue agent to assess property alleged to have been omitted by a corporation in its report, the burden is on the Commonwealth to show the omission and the value of the property omitted, and on the corporation to show that notwithstanding the omission to report the species of property, the board, from other sources of information, considered it in making its assessment.

3. Taxation—Taxation of Franchises—Omitted Property—Value of— How Fixed by Court.—In fixing the value for assessing purposes of an item of property that a corporation failed to report, the court should ascertain how much the assessment fixed by the assessing board should be increased on account of the addition of the value of the omitted property, and certify the increase, so found, as provided in the statutes.

A. SCOTT BULLITT, M. J. HOLT, M. M. LOGAN, Attorney General, J. H. HAZELRIGG and J. P. HOBSON for appellant.

MAT O'DOHERTY for appellee.

RESPONSE TO PETITION FOR REHEARING BY JUDGE CARROLL.

On a reconsideration of this case, reported in 176 Ky. 35, the court has reached the conclusion that when a corporation fails to report any item or species of property of any kind or character owned by it that it is called on to report to the assessing board and the value thereof; the failure to report such item or species of property and the value thereof is an omission and not an undervaluation of its property by the corporation, and therefore the item or species of property, which the corporation failed or refused to report, may be assessed at the suit of a revenue agent, or the sheriff, in the manner provided in the statutes, and so much of the opinion as lays down a contrary rule is now withdrawn.

The court is further of the opinion that in a suit to have property, alleged to have been omitted, assessed the burden is on the Commonwealth to show that there was omitted, from the report made by the corporation, property that should have been reported and the nature and value of such property, and when it does this, then the burden is on the corporation to show, by clear and convincing evidence, that, notwithstanding the omission, the board in making its assessment considered and assessed the value of the omitted property on information gathered from sources outside of the report. Hillman Land and Iron Co. v. Commonwealth, 148 Ky. 331; Kentucky Heating Co. v. Commonwealth, 174 Ky. 142.

If the court in which the proceeding is instituted, finds that the property sought to be assessed was omitted, then the court should determine from a consideration of the report made by the corporation to the assessing board, and the assessment made by the board and such other pertinent and competent evidence as may be offered in what amount, if any, the assessment made by the board should be increased by reason of the value of the property found to be omitted, and should certify the increase so found in excess of the valuation fixed by the board, in the manner provided in the statutes.

For the reasons stated, the petition for rehearing is sustained and the opinion modified as indicated.

Whole court sitting.