### In re ASSESSMENT OF ERNEST PRICE.

No. 11971—Opinion Filed Jan. 23, 1923.

(Syllabus.)

1. **Constitutional Law — Statutes — Construction — Intent — Subsequent Enactments.**

It is a cardinal rule in the construction of constitutions and statutes that the intention of the lawmakers, when ascertained, must govern, and that to ascertain the intent all the various portions of the legislative enactments upon the particular subject, including subsequent enactments, should be construed together and given effect as a whole.

2. **Taxation—Property Included—Statute.**

Section 7302, Rev. Laws 1910, provides that all property of this state, whether real or personal, except such as is exempt, shall be subject to taxation.

3. **Same — Governmental Theory of Taxation.**

The general theory of the law is that all property shall contribute equally to the support of the government.

4. **Same — Validity of Assessment—Statutory Method—Necessity.**

The assessment of property for taxation is not invalid because the Legislature has not provided a special method for assessment.

5. **Same — Real Estate — Added Improvements.**

The statute and Constitution requires that all property subject to taxation be assessed at its actual cash value, and the statute provides that real estate shall be listed and assessed every two years, and the assessment of the real estate shall include all improvements thereon, and where real estate was assessed as vacant property on the 1st of January, 1919, and on the 1st of January, 1920, had improvements which were placed thereon since January 1, 1919, said improvements are taxable for the year 1920, although the Legislature has provided no special method for the assessment of said improvements in the year 1920.

Error from County Court, Muskogee County; Enloe V. Vernor, Judge.

From judgment of County Court upholding assessments of certain omitted property by the County Treasurer, Ernest Price, owner, appeals. Affirmed.

William B. Moore, for appellant.

W. W. Cotton and Gibson & Hull, for appellees.

McNEILL, J. The county treasurer of Muskogee county assessed certain improvements placed upon a vacant lot owned by the appellant, and an appeal was taken to the county court, where the cause was tried upon an agreed statement of facts. The findings of the county court disclose the exact question involved, and are as follows:

"That Ernest Price is now the owner, and was the owner in the year 1919, and up to this date, of lot 5, block 217, in the city of Muskogee, Muskogee county, state of Oklahoma; and that said land and lot was vacant and unimproved and unoccupied on the first day of January, 1919, at which time assessments for taxes was made of the property in Muskogee county for the year 1919, at the sum of $1,680; that in the summer of 1919 the said Ernest Price erected a building or house upon said vacant lot, which is and was on January 1, 1920, of the fair cash value of $1,000; that the house so erected was not placed upon the tax rolls for taxation in Muskogee county for the year 1920, and was wholly omitted therefrom; that said omitted property should be assessed for the year 1920 for taxation at the value of $1,000, in addition to the valuation placed upon the land for such year. * * * The order, * * * of the county treasurer of Muskogee county in making said assessment for taxes and entering the land, with the improvements placed thereon, upon the tax rolls of Muskogee county for the year 1920, at the value and sum of $2,680, for the year 1920, and taxes increased in the sum of $45.91, be and the same is hereby confirmed and declared valid."

From said judgment Ernest Price has appealed. For reversal, it is contended that, the land having been listed for taxation in the year 1919, and the statute providing that real property should be listed only once in two years, beginning with the year 1915, the valuation fixed by the assessor, as of January, 1919, is conclusive and controlling for the year 1920, irrespective of the value of the property in 1920, or irrespective of the improvements that had been placed upon the land during the year 1919. For illustration: If real property is vacant and listed and assessed as such for its actual cash value on January 1, 1919, at $1,000, and

if improvements are placed thereon amounting to $10,000, or any other amount, after January 1, 1919, and prior to January 1, 1920, which enhances the value of the real estate that amount, will the valuation placed upon the land January 1, 1919, be conclusive for the purpose of taxation for the year 1920?

In order to arrive at the proper conclusion, it will be necessary to examine the different statutes and the Constitution relating to taxation, for the purpose of arriving at the intent of the lawmakers; being the rule announced in the cases of De Hasque v. A. T. & S. F. R. Co., 68 Okla 183, 173 Pac. 73; and Hudson v. Hopkins, 75 Okla. 260, 183 Pac. 507, where this court stated:

"It is a cardinal rule in the construction of constitutions, and statutes that the intention of the lawmakers, when ascertained, must govern, and that to ascertain the intent all the various portions of the legislative enactments upon the particular subject, including subsequent enactments, should be construed together and given effect as a whole."

The sections of the Constitution which we think are applicable are:

Section 2, art. 10 of the Constitution provides for the levy of an annual tax.

Section 5, art. 10, provides, in substance, that taxes shall be uniform upon the same class of subjects.

Section 8, art. 10, provides, in substance, that taxes shall be uniform upon the same class of subjects.

Section 8, art. 10, which provides that all property which may be taxed ad valorem shall be assessed for taxes at its fair cash value.

Section 7307, Rev. Laws 1910, which provides that all taxable property shall be listed and assessed each year at its fair cash value.

Section 7302, Rev. Laws 1910, provides:

"All property in this state, whether real or personal, including the property of corporations, banks, and bankers, except such as is exempt, shall be subject to taxation."

Section 50, art. 5, of the Constitution provides, in substance, that the Legislature shall pass no law exempting any property within the state from taxation, except as otherwise provided in the Constitution.

It would seem that the framers of the Constitution and the Legislature intended that all property which was taxed upon an ad valorem basis should be assessed at its

fair cash value, that a tax should be levied upon the same each year, and that no property either real or personal should be exempt. It was so provided in the Constitution.

The Legislature cannot exempt property except such as provided for in the Constitution, and it was so held by this court in the case of In re Assessment of Chickasha Cotton Oil Co., 80 Okla. 101, 194 Pac. 215.

Section 7304, Rev. Laws 1910, provides, in substance, that real property for the purpose of taxation shall be construed to mean the land itself and all buildings, structures, and improvements thereon. Prior to the year 1915, real estate was listed and assessed each year, the same as personal property. In 1915, the Legislature amended section 7307 of the statute, and the section as amended provides that all property must be listed and assessed each year at its fair cash value on the date of the 1st of January, and it then provides that the assessor shall list real property only once in two years.

If the Legislature intended that improvements placed upon real estate the year the land was assessed should be exempt from taxation for the succeeding year, then the act would be unconstitutional and in violation of section 50, art. 5, of the Constitution. If the Legislature could not by a direct act exempt the improvements for taxation could they do so in an indirect manner by providing that real estate should only be listed and assessed every two years? The rule is well settled that what cannot be done directly, cannot be done indirectly. See Atlanta Building & Loan Ass'n. v. Stewart (Ga.) 35 S. E. 79.

The statute provides that in assessing real estate the same shall include the improvements. If the assessment made in the year 1919 is conclusive for the year 1920, and the property when assessed in 1919 was vacant property, and there were no improvements thereon, and on January 1, 1920; there were improvements thereon of the value of $1,000, and the value of the property was increased $1,000, then the assessment for the year 1920 is not in compliance with the Constitution, that the same be assessed at its actual cash value. The assessment for 1919 did not include the improvements, and if it is conclusive for the year 1920, the improvements upon the real estate will escape taxation for the year 1920. This would be contrary to the plain mandate of the Constitution and the statute, which requires that

all property shall be assessed at its actual cash value, and the taxes shall be uniform. In so far as improvements are concerned, they were never considered in fixing the valuation of this property, and are escaping taxes for this one year, while all other real property where the improvements were placed thereon prior to January 1, 1919, is bearing its proper burden of the taxes. If this assessment is conclusive, then if a party on the 1st of January, 1919, owned a vacant lot of the value of $10,000, and was so assessed, and during the summer of 1919 he placed a building upon the property, enhancing the value of the property $100,000, then we would have property on the 1st of January, 1920, valued at $110,000, and only be assessed for $10,000. This would be contrary to the spirit and intent of the framers of the Constitution as expressed in plain language. This would be indirectly exempting the improvements on the property for taxation for this one year, and this would be in direct violation of the Constitution and statute.

Plaintiff in error, however, contends that there is no provision made in the statute for listing these improvements or re-assessing the land for 1920. The Legislature has made no special provision regarding how this property shall be listed or re-assessed, but the general provision of the Constitution and the other sections of the statute which require that all property shall be assessed at its actual cash value are certainly broad enough, so the general provisions of the statute regarding assessment of property can be resorted to, so the property will not escape the burden to support the government. The fact that no special procedure is provided for by statute will not make the assessment void. Such was the holding of the Supreme Court of Georgia in the case of Atlanta Bldg. & Loan Ass'n v. Stewart, 35 S. E. 79, where the court used the following language:

"If a Legislature cannot exclude certain property directly from taxation ad valorem, it would seem that it cannot do so indirectly by some process of withdrawing machinery. To say that a Legislature cannot pass a constitutional act exempting a piece of property, but can effect the same purpose by saying to the taxing authorities, 'You shall not use the ordinary machinery of taxation or any other mode as to that property,' is a mere variation of terms and not a variation it seems to me in substance. The general tax laws furnish general machinery. An unavailing effort to withdraw one cog from the machinery will not stop it, but it will grind on the same."

The Supreme Court of Washington, in the case of Commercial Electric Light & Power Co. v. Judson, County Treas., 56 Pac. 829, stated as follows:

"An assessment of a franchise for taxation is not invalid because the Legislature has not provided a method for assessing the same."

The Supreme Court of Wisconsin, in the case of State ex rel. Milwaukee Street Ry. Co. v. Anderson, 90 Wis. 550, 63 N. W. 746, stated as follows:

"The franchise of an electric street railway company, is liable to assessment and taxation, notwithstanding the failure of the Legislature to give any detailed directions for the valuation and taxation thereof."

The Supreme Court of Nevada, in the case of State v. Wells-Fargo Express Co., 150 Pac. 836, stated:

"Where the statutes define the different species of property subject to taxation and provide that every species shall be assessed at its actual cash value, but are silent as to the mode of ascertaining the cash value, the revenue officers may assess the intangible property of an express company as against the objection that the Legislature has failed to adopt any rule governing the manner of determining the value of the property."

The case of State ex rel. Taggert v. Holcomb, 81 Kan. 879, 106 Pac. 1030, is very similar. In the body of the opinion the court used the following language:

"The general theory of the law is that all property shall contribute equally to the support of the government. It is competent for the Legislature to exempt property from taxation, but to the extent that one is relieved from this burden it is necessarily imposed on others, and hence, before a person can have such a discrimination in his favor, he must clearly show it to have been within the legislative purpose. Being the policy of our law to tax all property not expressly exempt, it develops on one claiming to have been relieved from paying his share of the public burden to bind and clearly point out in express constitutional or statutory exemption. So it has been said, 'Any person claiming immunity from the common burdens of taxation which should rest equally upon all must bring himself clearly within the exemption, and hence it is held that a provision creating an exemption should be strictly construed.' Ottawa University v. Com'rs of Franklin Co., 48 Kan. 460, 29 Pac. 599. See, also, Washburn College v. Com'rs of Shawnee Co., 8 Kan. 344; Stahl v. Educational Ass'n, 54 Kan. 542, 38 Pac. 796; National Council v. Phillips, 63 Kan. 808, 66 Pac. 1014; Cooley on Taxation (3rd Ed.) 356."

A great number of states have similar statutes providing that real estate shall not be assessed every year, and some providing for the listing and assessing every two, some four, and some ten years. All of these states have a statute which provides the same as ours, that the term "real property," for the purpose of taxation, shall include the improvements. These states, however, have a statute which provides a special method of assessing the improvements placed upon the land during the biennial assessments. Some provide that each year the assessor shall list the improvements placed upon the land and the same shall be returned by him and shall be added to the original assessment; others provide that they be assessed as personalty. And the taxes have been upheld where they were assessed as omitted property.

Such was the holding in the case of Skinner & Sons Dry Dock Co. v. Baltimore (Md.) 53 Atl. 416. The Supreme Court of Iowa, however, in the case of Richards v. Wapella County, 48 Iowa, 507, held that the improvement was not subject to taxation. However, the Iowa Legislature immediately passed a statute providing for the assessing of said improvements. We think the Iowa case is against the great weight of the authority, and stands alone in holding that, because there is no method provided, the property will escape taxation.

The Supreme Court of Minnesota, in the case of State v. Atwood Lumber Co., 96 Minn. 392, 105 N. W. 276, in an action by the lumber company to have its assessment reduced for the reason that the lands when assessed were covered with timber and the timber had been removed, and asking that the assessment be reduced, denied the relief, for the reason the company had not made its application to the board of county commissioners.

A reading of our Constitution and statute conveys the idea that it was the intent of the framers of the Constitution and members of the different Legislatures to secure uniformity in taxes upon the same class of subjects, and that all property should contribute equally to the support of the Government.

The Supreme Court of Kansas, in the case of State ex rel. Taggert v. Holcomb 81 Kan. 879, 106 Pac. 1030, in the body of the opinion stated as follows:

"The general rule of law is that all property shall contribute equally to the support of the government."

The Superior Court of Pennsylvania, in the case of Union Coal Co. v. Conner, 27 Pa. Sup Ct. Rep. 95, stated as follows:

"Our general scheme of taxation in Pennsylvania aims not only to secure uniformity upon the same class of subjects within the territorial limits of the authority levying the tax, as required by the Constitution, but also that each taxable shall bear his ratable proportion of the taxes so levied."

This could not be accomplished by permitting certain improvements to escape taxation, and the very intent and purpose of the statute would be violated.

Plaintiff in error does not contend that there was any intent of the Legislature to exempt these improvements from taxation, but contends there is no method provided for the assessing of the same. In the instant case the property was assessed as omitted property, which was the identical procedure adopted in the case of Skinner & Sons v. Mayor of Baltimore, supra. The method, we think, if not prescribed by the Legislature, is immaterial, so long as it is one of the methods provided by law for assessing property, and the property is fairly assessed and for no more than property of like kind and character.

We therefore conclude that the trial court did not err in declaring said assessment legal; the judgment of the court is therefore affirmed.

JOHNSON, V. C. J., and KANE, COCHRAN, and BRANSON, JJ., concur.