In re ASSESSMENT of DURANT NAT. BANK.

No. 12802—Opinion Filed July 24, 1923.

Rehearing Denied May 27, 1924.

Second Petition for Rehearing Denied Nov. 18, 1924.

(Syllabus.)

1. **Taxation — Assessments of Banks—Procedure—Liability of Shares of Stock.**

In assessing state or national banks, the assessment is not against the corporation upon its moneyed capital, surplus, and undivided profits, but the tax is levied against the shares of stock in the hands of the stockholders, and the officers of the corporation act as the agent of the stockholders, both in listing the shares of stock for taxation and in paying the taxes levied against said shares of stock.

2. **Taxation—Authority of Tax Ferrets Employed by County—Omitted Property.**

Under section 9798, Comp. Stat. 1921, the board of county commissioners are authorized to contract with a person or persons to assist the proper officers of the county in the discovery of property not listed and assessed for taxation, and the authority conferred by this provision of the statute applies only to property omitted from assessment, and does not confer the power or authority to revalue or reassess property which has already been assessed.

3. **Same—Power to Reassess Bank Stock.**

Where the assessor in assessing a national bank erroneously deducts from the value of the shares of stock the amount invested in nontaxable securities, but assesses the shares of stock to the stockholders although the valuation fixed thereon is undervalued by reason of having made an improper deduction, and no steps are taken to review said assessment, as provided by law, through the board of equalization, and by appeal to the courts, held, that said shares of stock cannot be reassessed as "property not listed and assessed,'" as provided in section 9798, Comp. Stat. 1921; held, further, the county treasurer has no jurisdiction under section 9798, supra, to reassess said shares of stock as omitted property.

4. **Same —Assessment of Corporations — "Omitted Property."**

The general rule applicable to corporations which under the law are assessed upon their moneyed capital, surplus, etc., is, if said corporation fails to report any item or species of property of any kind or character owned by it that it is called upon to report to the assessor, and the value thereof the failure to report said items or species of property thereof is an omission, and not an undervaluation of the property of the corporation, and the item or species of property which the corporation failed or refused to report, may be assessed as omitted property either under section 9597 or 9798, Comp. Stat. 1921.

Error from County Court, Bryan County; John Finney, Judge.

Proceedings to assess omitted property of the Durant National Bank of Durant, Okla. From an adverse judgment, the bank appeals. Reversed and remanded, with directions.

Hayes & McIntosh and Ames, Chambers, Lowe & Richardson, for appellant.

Victor Phillips, Wm. H. Zwick, and McPherren & Cochran, for appellees.

McNEILL, J. This is an appeal from a judgment of the county court of Bryan county, making an additional assessment in the name of the Durant National Bank on its shares of stock for the years 1917, 1918, 1919, and 1920, because $80.000 worth of public building bonds, owned by the bank during each of said years, were omitted from consideration in determining the value of the shares of stock which was subject to taxation for each of said years. The proceedings were instituted and the additional assessment made under authority of section 9798, Comp. Stat. 1921. It is conceded that the procedure for assessing omitted property as provided in said section of the statute was compiled with, and the appeal from the county court to this court is regular. The facts are undisputed, and the appeal presents a question of law, when applied to the admitted facts.

Regarding the assessment for the year 1919, the facts are as follows: B. A. McKinney, as officer of the bank, filled out an assessment list on the form prepared by the State Examiner and Inspector for assessing banks, and delivered the same to the assessor. Omitting the caption and the first portion, the same reads as follows:

(5) Amount of authorized capital stock, 1000 shares, par value $100 each_____$100,000
(6) Amount of capital stock paid up_____$100,000
(7) Amount of surplus_____$100,000
(8) Amount of undivided profits_____
(9) Amount of outstanding bonded indeb edness _____

(10) Net value of moneyed capital, including surplus and undivided profits (money capital as used includes money actually invested in business, whether represented by certificates of stock, debentures, or bonds_____$200,000

(11) Less exemptions and deductions as follows: (a) Capital and surplus invested in public building bonds_____$ 80,000
(Item "A" was not on the printed form but was written in by the assessor or the person making out the assessment list.)
(b) Less assessed valuation of real estate in the state of Oklahoma owned in fee simple by corporation and listed separately in its name, as follows: (Description of real estate.)

(12) Total valuation of land and lots_____$ 67,670
Value fixed by the Assessor_____$ 52,330

Under schedule "A" appears the list of stockholders of said corporation, showing the number of shares, value per share fixed at $200 each, and the total value of stock held by each stockholder.

This court has held that in assessing banks, as provided by section 9607, Comp. Stat. 1921, the assessment is not against the corporation, upon its moneyed capital, surplus, etc., but the tax is levied against the shares of stock in the hands of the stockholders, and officers of the corporation act as agent of the stockholders both in listing the shares of stock for taxation and in paying taxes levied against said shares of stock. See Board of Equalization of Kingfisher Co. v. People's National Bank, 79 Okla. 312, 192 Pac. 622; Board of Equalization v. First State Bank of Oklahoma City, 77 Okla. 291, 188 Pac. 115; Brown v. Hennessey State Bank, 78 Okla. 141, 189 Pac. 355. The section of the statute, supra, provides, in substance, that shares of stock of national banks shall be assessed at their actual cash value, and from the value of the shares of stock shall be deducted the assessed valuation of real estate in this state owned by the corporation and listed separately in the name of the corporation.

In the instant case, according to the assessment list, the capital stock of the bank was evidenced by 1,000 shares of stock of the cash value of $200 per share, or a total value of $200,000. The assessor should have deducted from the total value of the shares of stock $67,670, being the assessed value of real estate assessed against the bank, and assessed the 1,000 shares of stock to the stockholders for $132,330, thereby making the assessment of $132.33 per share of stock. It is conceded that the assessor made a further deduction of $80,000, being the amount of the capital of the bank invested in public building bonds, and assessed the shares of stock at $52.330, or $52.33 per share. The statute in force at that time did not authorize the assessor to deduct the amount of capital invested in public building bonds from the total valuation of the shares of stock, although said bonds were exempt from taxation. The shares of stock were assessed at $52.33, when they should have been assessed, according to the assessment list filed, at $132.33 each.

Section 9798, Comp. Stat. 1921, under which these proceedings were instituted, authorizes the county commissioners to employ a tax ferret to assist in "discovering property not listed and assessed." For reversal, it is contended that, the county assessor of Bryan county having determined the value of the shares during the years in question, and having assessed all the shares of stock, the shares of stock were not omitted property within the meaning of section 9798, supra, and not being omitted property, the county treasurer or the county court acquired no jurisdiction over the proceeding to reassess the same. It is contended by the defendant in error that this is an effort to increase the assessment made upon the shares of stock by the assessor, not by the revaluation, but by assessing property omitted from considera-

tion in arriving at the assessed values. The statute authorizes the tax ferret to assist in "discovering property not listed and assessed," and the question for consideration is whether the additional assessment can be considered an assessment "on property not listed and assessed."

One of the cardinal rules in construing statutes is to ascertain the legislative intent, and in doing so the court may look to other sections of the statute upon the same subject. Section 9597, Comp Stat. 1921, deals with property that has been omitted and undervalued, and provides, in substance, if any real or personal property be omitted in the assessment of any year or years and thereby escapes its just and proper proportion of taxation at any time, the county assessor shall cause the property to be entered upon the assessment rolls and taxbooks for the year or years omitted. The section provides for giving notice to the parties affected. The section further provides as follows:

"* * * That whenever any real or personal property, on account of same being grossly undervalued on account of false representations or concealments made by the owner or owners or their agents in rendering the same for assessment, etc. * * *".

The section authorizes the county assessor at any time within three years from the date of such undervaluation of said property to cause the property to be entered on the assessment rolls and taxbooks for the year or years so undervalued, and upon giving notice and after a hearing. The section further provides that as to such property grossly undervalued, no contract shall be made with any one for the discovery of said property grossly undervalued, nor shall the county pay any one a commission for in any way causing the same to be reassessed. The section then contains the following language:

"* * * This shall not be construed to prevent the board of county commissioners from making contracts for the discovery of omitted property, as provided by section 7449, Rev. Laws 1910 (being section 9798, Comp. Stat. 1921)."

It will be noticed that the Legislature has dealt with omitted property in two separate sections, and with grossly undervalued property in the one section, and so far as property which has been omitted from taxation is concerned, the Legislature has provided two methods of placing the same upon the tax rolls: First, the county assessor is given such authority; and second, the tax ferret may cause the county treas-

urer to give said notice, and the county treasurer place the same upon the tax rolls.

In regard to property which has been already taxed but has been grossly undervalued by reason of false representations or concealment by the owners or their agent, the county assessor alone is given authority to reassess said property. Neither the tax ferret nor county treasurer has any jurisdiction to reassess property that has been assessed, although grossly undervalued. This court in considering section 9798, supra, relating to tax ferrets, in the case of Wolverton Hardware Co. v. Porter, 61 Okla. 171, 160 Pac. 906, stated:

"From an examination of this statute, it is clearly apparent that the purpose contemplated is to assess property that has been omitted from assessment and that has escaped taxation, and that it does not confer the power or authority to revalue or reassess for the purpose of taxation, any property that may have been overvalued or previously assessed. The object of the statute is to discover omitted property, and this is the entire scope contemplated by the act."

This court has never passed upon what property was included within the meaning of the term "property not listed and assessed." The only case cited or called to our attention, identical under the facts, is the case of People's Savings Bank v. Layman, 134 Fed. 635, wherein the court in the second paragraph of the syllabus stated as follows:

"Under the law of Iowa, where an assessor has made an assessment without fraud on his part or concealment on the part of the property owner, and no steps have been taken to review such assessment in the manner provided by statute, through the board of equalization and the courts, it becomes a finality; and after the taxes have been levied thereon and paid the property cannot be reassessed for the same year because the assessor, through a mistake of law, undervalued it."

In the body of the opinion the court stated as follows:

"In making the assessments there was no fraud practiced upon the assessor. The assessor was acquainted with all the facts. The assessor furnished the forms on which the bank should make its reports. All the facts were truthfully disclosed on the verified statement by the cashier of the bank, which the assessor carried to the auditor's office. The cashier called attention to the asset of the government bonds and claimed the exemption. The assessor, through a mistake of law, conceded the claim. Now, can the treasurer, acting in the capacity of an

assessor, correct the mistake? That the assessor, in part at least, acts judicially, there can be no doubt. He administers an oath to the bank officer. He takes his evidence. He considers such other facts as come to his notice. He calls for and examines the assets. He inspects the books. He gets, or tries to get, all desired information. And after hearing the testimony, and seeing all the evidence, he makes his findings and adopts his conclusions. Surely that is a judicial act. And if that is so, then how can it be impeached, excepting for fraud, or by the statutory mode of review by the local equalization board, and then by appeal to the state court?"

The court, again. in the opinion stated as follows:

"But before noticing what the Iowa Supreme Court has said and has held I deem it proper to say that as an original question I would hold that, when neither the assessor nor the property owner is guilty of a fraud, when the assessor has seen the property, or considered, or had the opportunity to consider. the assets, bills receivable, and choses in action, and has made his assessments, and there is no review by the local board, such assessment is a finality."

In summing up the case the court stated as follows:

"The whole case is this: The shares of stock were not correctly valued. But the mistake was one of law. The taxes have been paid on the shares of stock, and, there being no fraud, they should not again be assessed. And, as it seems to me, there is no doubt but that this proposition was squarely so ruled by the Iowa Supreme Court in the case of Bank of Manning v. Trowbridge, County Treasurer, in July of last year, as reported in 100 N. W. 333. Also, see a discussion of this question in Bank v. Lander County Treasurer (C. C.) 109 Fed. 21."

In discussing what was omitted property, the Supreme Court of Iowa in the case of Talley, Co. Treas., v. Brown, 125 N. W. 248, in the 7th paragraph of the syllabus stated:

"Under Code Supp. 1907, par. 1385b, authorizing the auditor to correct errors in the assessment list, and to assess for taxation any omitted property on notifying the owner, etc., taxable property is omitted from the assessment roll where the assessor erroneously decides that property subject to taxation is not taxable and leaves it off the roll on that account, as well as where through oversight or ignorance of the existence of the property it is omitted; the word 'omit' meaning to let fail, to leave out, not to insert or name, to neglect to mention or to speak of. as to 'omit' an item from a list, etc."

The Supreme Court of Mississippi. in the case of Adams v. Luce, 38 South. 418, in defining what was omitted property, stated as follows:

"The statute authorizing the back-assessment of property that has 'escaped taxation' applies only to property that has not in fact been assessed, and does not apply where the assessment roll shows on its face that there has been an assessment, though it is absolutely void."

It is not intimated that there was any fraud or false representations made by the owner in assessing this property. Public building bonds were exempt from taxation. The bank contended that having invested a portion of its capital in the nontaxable securities, it was entitled to deduct that amount from the assessed valuation. The bank, however, concedes that this proposition of law has been settled by this court in the cases heretofore cited, contrary to its contention. While the statute is plain and unambiguous, and the decisions of the appellate courts are unanimous upon this question, it was a mooted question, and over which the district judges of this state differed, until finally settled by this court, and affirmed by the United States Supreme Court on appeal of the case of Board of Equalization of Kingfisher County v. People's National Bank, supra. In making and delivering its assessment list, the bank claimed the exemption for the shareholders. The assessor in making the assessment permitted the deduction. The board of equalization also approved the same. In this they were in error. The shares of stock, however, were assessed, and the tax levied and paid.

It must be remembered that banks in this state are assessed different from other corporations. In assessing other corporations, the assessment is levied against the moneyed capital of the corporation, while in assessing banks the assessment is not against the moneyed capital, but against the shares of stock in the hands of the shareholders.

The defendant in error, however, cites numerous cases, one of which is the Wolverton Hardware Co. v. Porter, supra, wherein the court stated the case should be tried out on its merits. The Wolverton Hardware Company was a domestic corporation and not a bank, and the assessment was not upon the shares of stock, but upon the moneyed capital, etc.

In assessing corporations, where the law provides the assessment is upon its moneyed capital, and the property is undervalued by

reason of the company failing to report a portion of its property, the decisions of the courts announce the general rule as follows:

"When a corporation fails to report any item or species of property of any kind or character owned by it that it is called on to report to the assessing board, and the value thereof, the failure to report such items or species of property and the value thereof is an omission and not an undervaluation of its property by the corporation, and therefore the item or species of property which the corporation failed or refused to report may be assessed at the suit of a revenue agent."

See Commonwealth v. Kentucky Heating Co. (Ky. App.) 203 S. W. 538; Wolverton Hardware Co. v. Porter, supra: Florer v. Sherwood (Ind.) 28 N. E. 71; Parkison v. Thompson (Ind.) 73 N. E. 109. This court applied the same in the case of In re Assessment of Ernest Price, 88 Okla. 156, 212 Pac. 424.

This line of cases is distinguishable from the case at bar, because the assessment against the bank is not an assessment on the moneyed capital, etc., but is an assessment against the shareholders of their stock, and the stock is assessed at its actual cash value. The distinction between assessing the moneyed capital of a bank and assessing the value of the shares to the shareholders is discussed in the case of Van Allen v. The Assessors, 70 U. S. 573, 18 L. Ed. 229. This is the first and leading case upon this question. In that case the court stated as follows:

"The tax on the shares is not a tax on the capital of the bank. The corporation is the legal owner of all the property of the bank, real and personal; and within the powers conferred upon it by the charter, and for the purposes for which it was created, can deal with the corporate property as absolutely as a private individual can deal with his own."

In referring to the interest of the shareholders, the court said:

"The interest of the shareholder entitles him to participate in the net profits earned by the bank in the employment of its capital, during the existence of its charter, in proportion to the number of his shares; and, upon its dissolution or termination, to his portion of the property that may remain of the corporation after the payment of its debts. This is a distinct, independent interest or property, held by the shareholder like any other property that may belong to him. Now, it is this interest which the act of Congress has left subject to taxation by the states."

In the case of First National Bank of Louisville v. Commonwealth of Kentucky, 10 L. Ed. 701, it was said:

"The shareholders of a bank may be taxed by the states on shares so held by them, although all the capital of the bank be invested in federal securities."'

In the case of Iowa Loan & Trust Co. v. Fairweather, 252 Fed. 605, it was said:

"* * * That the stock of a bank and the property of the bank may be separate subjects of taxation."

Again, the court used the following language:

"I am not discussing the well-recognized rule that the stock in a corporation may be, for taxing purposes, entirely separate and distinct from the property of the corporation."

This court followed the law announced in the cases of Van Allen v. The Assessor, and First National Bank, supra, in construing our statute relating to assessing banks.

This court in the case of Anderson v. Ritterbush, 22 Okla. 761, 98 Pac. 1002, held that the Legislature had power to provide remedial procedure for the collection of taxes on property omitted from the tax rolls. The courts are almost universal in holding, also, that where property escapes its just share or proportion of taxation by reason of being grossly undervalued, the Legislature may provide methods and means for reassessing the same. We must, however, deal with the act of the Legislature in force and effect at the time and as we find them. The Legislature has expressed itself very emphatically in section 9597, Comp. Stat. 1921, that the county commissioners shall not contract with or pay a tax ferret any commission for discovering property that has been grossly undervalued for taxation. As to that property they have provided that the same can only be reassessed by the assessor, or the State Board of Equalization, if it is property that is assessable by the State Board of Equalization. It is conceded in this case that the judgment of the county court is erroneous, unless the court can, under the facts, hold that the additional assessment was levied upon property not listed and assessed, or classed as omitted property. In view of the fact that the assessment must be levied against the shareholders on the stock owned by them, and those shares of stock were actually assessed and the tax levied and paid, we are unable to agree that the additional assessment is levied upon property that was not listed and assessed.

For the reasons stated, the judgment of

the county court is reversed, and remanded, with directions to set aside said assessment.

JOHNSON, C. J., and NICHOLSON, BRANSON, and HARRISON, JJ., concur.