GRAND LODGE ANCIENT ORDER OF UNITED WORKMEN OF IOWA, Appellant, v. ED MADIGAN, County Treasurer, Appellee.

DECEMBER 14, 1928.

*Leo R. Leeper* and *A. V. Proudfoot*, for appellant.

*A. G. Reid*, for appellee.

DE GRAFF, J.—This appeal presents for decision a question of law, involving the construction of Subsection 19 of Section 6944, Code of 1927, read in conjunction with Subsection 8, Section 8829, Code of 1927. Was the property of plaintiff illegally assessed for the purpose of taxation? This is the question, and the answer is dependent upon the construction given the statute governing exemptions.

The facts are stipulated, and it may be well to recite the salient facts, before reviewing the applicable statutes. It appears that the plaintiff, Grand Lodge Ancient Order of United Workmen of Iowa, is a fraternal beneficiary order, incorporated under the laws of Iowa, and particularly under the provisions of Chapter 402, Code of 1927. Its principal place of business is located at 2100 Grand Avenue, Des Moines. The business of plaintiff is not conducted for pecuniary profit, other than the benefits promised in its certificates of insurance. The plaintiff was organized and carries on its business for the benefit of its members and their beneficiaries. Its objects are to make provision for the payment of benefits in case of death, sickness, or the temporary or permanent disability of its members, and the payment of the current expenses of the order. The plaintiff order operates under a lodge system, with a ritualistic form of work and a representative form of government. No part of its funds or property is used for any other purpose than the payment of the benefits heretofore mentioned.

It further appears that, on September 1, 1921, the appellant order loaned from its beneficiary fund $14,800, secured by a first mortgage on a certain parcel of real estate. Subsequently thereto, said mortgage was foreclosed in the district court of Iowa in and for Black Hawk County, a decree of foreclosure was entered, and a sale of said real estate under special execution was made to the appellant order. There was no redemption therefrom, and the appellant order acquired title to said real estate through a sheriff's deed on October 29, 1923, which was later duly recorded in the office of the recorder of Black Hawk County.

The farm lands in question were rented by the appellant order on a crop-share rental, and the rental returns from the said land were placed in the beneficiary fund of the appellant order, less the expenses and cost of renting and collecting the rental.

It further appears that the appellant order, as title holder through the sheriff's deed, had not (at the time of the stipulation) deposited with or executed a deed to the commissioner of insurance of the state of Iowa, as may be done under the provisions of the statute, but that the appellant would, in the near future, execute a deed to said commissioner, conveying the real estate involved in this action.

It is further stipulated that the real estate in question has been assessed to the appellant by the proper assessing officers of Black Hawk County, Iowa, and that the assessment books have been turned over to the defendant-appellee, as treasurer of said county, for the collection of the tax so levied and assessed, and that the taxes for 1925 have not been paid; but that the defendant was, by a temporary injunction, restrained by the district court from collecting said tax, and that, upon the trial of the cause on its merits in the district court, the plaintiff's petition for injunction was dismissed, at plaintiff's cost.

It is further shown that, at a regular session of the plaintiff order, the board of directors of said order passed a resolution authorizing the Grand Master Workman and the Grand Recorder of said order to dispose of the parcel of real estate in question, as well as any other parcel of real estate acquired by the appellant under foreclosure, and that such disposition of said land or lands may be made at any time the appellant can secure the amount invested in such land or lands, plus interest and expenses to the date of transfer. On this state of facts, was the real estate in question taxable? We now turn to the statutes.

The initial sentence of Section 6944 reads: "The following classes of property shall not be taxed:" Subsection 19 reads:

"19. Fraternal beneficiary funds. The accumulations and funds held or possessed by fraternal beneficiary associations for the purposes of paying the benefits contemplated by Section 8778, or for the payment of the expenses of such associations."

Section 8778, referred to in the quoted section, supra, contemplates the benefits which are recited in the stipulation of facts in this case.

Subsection 8 of Section 8829, which must be read in conjunction with Subsection 19 of Section 6944, is as follows:

"8. Substitution of certificates of sale, and deeds. Companies may, with the consent of the commissioner of insurance, substitute for such securities certificates of sale furnished by the sheriff in connection with the foreclosure of mortgages on real estate, owned only by said companies; but such certification shall be accepted for deposit only for the amount of the original securities and shall be withdrawn at the end of the period of redemption or within thirty days if redemption is made or a deed

obtained prior to the expiration of the time fixed for redemption by law. Said companies may substitute for such securities warranty deeds conveying any of the property included in the original mortgage to the commissioner of insurance. Such deeds shall be held by the commissioner of insurance in trust for the policyholders of said company. Before depositing any such deed with the commissioner of insurance, it shall first be recorded in the county where such property is located. Said deeds shall be accompanied by an abstract showing that the company has good title to the property conveyed and shall be accepted for deposit only for the amount of the original security and only so long as the company annually certifies the taxes are paid and fire insurance maintained. * * * The company may agree to sell any of such property under contract to be approved by the commissioner of insurance, and the deed remain as a deposit on such terms as the commissioner shall require. The total amount of certificates of sale and deeds deposited as herein provided shall not exceed fifteen per cent of the amount any such company is required by law to deposit with the insurance department. No such change of security shall be made if the same has been purchased from any officer, stockholder, agent or employee of the insurer. * * * ''

At the outset, it may be stated that there is and can be no quarrel between the instant parties with the rule that a grant of exemption from taxation by virtue of a statute is never presumed, and a claim of exemption thereunder is construed *strictissimi juris*. The claim must rest upon language in regard to which there can be no doubt as to the meaning, and the grant must be in terms too plain to be mistaken. In other words, taxation is the rule, and an exemption is the exception. *Trustees of Griswold College v. State*, 46 Iowa 275.; *City of Sioux City v. Independent Sch. Dist.*, 55 Iowa 150.; *Lacy v. Davis*, 112 Iowa 106; *Simcoke v. Sayre*, 148 Iowa 132; 37 Cyc. 893, Note 44; 26 Ruling Case Law 313. See, also, *Board of County Com. v. Denver & R. G. R. Co. Emp. R. Assn.*, 70 Colo. 592 (203 Pac. 850, 22 A. L. R. 902, with annotation).

It may also be observed that the Code provides a rule of statutory construction as to ''words and phrases,'' and that, in the absence of a manifest intent of the general assembly to the contrary, or repugnant to the context of the statute, words and

phrases shall be construed "according to the context and the approved usage of the language." Section 63, Code of 1927. The words "accumulations and funds," as used in Subsection 19 of Section 6944, do, in their ordinary meaning, connote personal property, such as money, notes, mortgages, and other forms of security. Subsection 19 of the statute in question does not use the term real estate, land, or words of equivalent legal meaning. Under the rule of strict construction governing a grant of exemption from taxation, it must be said that, had the general assembly, in the enactment of this statute, intended to exempt real estate, it would have said so. Upon reading the 21 sections of Section 6944, it is discovered that real estate, in one form or other, is mentioned and enumerated as exempt in 11 of these subsections. We find in the terminology used, the words "lands," "property," "public grounds—land," "grounds," "grounds and buildings," "real estate," "building and grounds," "government lands." It is obvious, therefore, that, when real estate was intended to be included in the grant of exemption under this statute, the language is explicit, and in terms too plain to be mistaken. In this connection, other sections of the Code found in Chapter 402, governing Fraternal Beneficiary Societies, Orders, or Associations, may be read, to determine the meaning of the words "accumulations and funds."

Section 8826, stripped of all modifying clauses, provides:

"Any fraternal beneficiary society, order, or association * * * *accumulating money* to be held in trust * * * shall be permitted to invest not to exceed ten per cent of the aggregate amount of *such accumulation* in such real estate in this state as is necessary for its accommodation as a home office, * * * ; provided that before any association shall invest any of its *funds* * * * it shall first obtain the consent of the executive council." (The italics used herein are ours.)

Section 8828, in substance, is:

"Any company or association so investing its *funds* shall convey the real estate thus acquired to the commissioner of insurance by deed * * * ."

Section 8829, which we are reading in conjunction with Subsection 19 of Section 6944, is, in substance and effect, as follows:

"Any fraternal beneficiary society, order, or association * * * *accumulating money* to be held in trust * * * shall invest *such accumulation* in the following securities and no other * * * ."

These sections of the Code certainly indicate the legislative intent in the use of the words "accumulations and funds," and, when read as a part of the context, in conjunction with Section 6944, lead to but one conclusion.

It may also be observed that Subsection 8 of Section 8829 provides that, where real estate is acquired in the manner in which the real estate in question was acquired by the appellant, such fraternal society may convey said real estate to the commissioner of insurance of Iowa, as a substitute for the original securities deposited by him, as required by law, and receive credit for such securities, provided, however, "and only so long as the company annually certifies the taxes are paid and fire insurance maintained." This makes obvious the legislative intent, and supports the contention of the appellee that the farm lands involved herein must bear their burden of taxation equally with all other lands in this state.

In the light of this interpretation, we deem it unnecessary to enter upon the legal definition of the term "accumulation," or the legal significance of the word "funds." It may be conceded that the word "fund" has a variety of meanings, but the sense in which it is employed must be gathered from the context. See 27 Corpus Juris 926 *et seq.* In that text (p. 927) it is said:

"While real estate may be regarded as constituting a part of a 'fund,' in the ordinary use of that word such a meaning will not be inferred. It is a word which savors of personalty, and means something that can be invested and reinvested."

In this connection, see *Sherwood v. Home Sav. Bank*, 131 Iowa 528; *Ft. Des Moines Lodge No. 25, I. O. O. F. v. County of Polk*, 56 Iowa 34; *State v. Krollman*, 38 N. J. Law (9 Vroom) 574; *Illinois Christian Missionary Soc. v. American Christian Missionary Soc.*, 277 Ill. 193 (115 N. E. 118); *Life & Ann. Assn. v. Shilling*, 86 Kan. 290 (120 Pac. 548).

We conclude, therefore, that the trial court correctly ruled the case, and the decree entered is, therefore,—*Affirmed*.

All the justices concur.