**ROBERTS, County Treas., v. FAIR.**

No. 24535. Oct. 8, 1935.

James K. Eaton and Steel & Boatman,· for plaintiff in error.

R. A. Hockensmith, for defendant in error.

WELCH, J. In 1931 plaintiff, Fair, purchased and went into possession of lots 1 to 10, block 8, Rebold addition to Okmulgee, which realty was owned in 1920, 1921, and 1922 by one Black. The realty was for all years properly assessed for ad valorem taxes and the taxes assessed or levied thereon were paid; the realty being assessed in 1919 for two years, and in 1921 for two years as provided by law. Section 12581, O. S. 1931. During the years 1920, 1921, and 1922 the then owner, Black, placed improvements on the realty in the form of a permanent residence building and other permanent structures for use and occupancy therewith.

In 1932 the tax ferret notified the county treasurer that the improvements on this realty had escaped taxation for the years 1920, 1921, and 1922. The treasurer, proceeding under section 12346, O. S. 1931, sent notice to Black, then residing in Texas, and upon hearing proceeded to assess the improvements as "omitted property" for 1920, 1921, and 1922, and issued personal tax warrant for the tax due for those years.

Plaintiff, Fair, the owner of the property, then commenced this action for injunction. In the trial court the defendants admitted the issuance of the personal tax warrant was unauthorized, but contended the improvements did constitute "omitted property" for the three years involved, subject to assessment in the manner pursued by tax ferret and treasurer. The trial court held otherwise and granted plaintiff a permanent injunction.

That statement presents the sole question for determination on this appeal.

Prior to 1915 all property, both real and personal, was assessed each year. By legislative amendment in 1915 realty is now assessed each two years in the odd-numbered year. Prior to 1924 there was no special provision of law for the assessing of improvements placed upon real estate after it had been assessed at the regular biennial assessment date, but in 1924 the Legislature provided by amendment that in such case the assessed valuation of the land should be increased for the ensuing year by the value of the improvements placed thereon since assessment of the land. All these provisions are now shown in section 12581, O. S. 1931.

Thus is made clear the legislative policy and intent, that improvements becoming a part of the realty should not be assessed separately, nor treated as omitted property if not assessed, but that the value of assessed realty should be increased by the value of improvements constructed since assessment of the land. The Legislature observed that the value of real estate would be increased by improvements thereon, and merely provided for the extension of this increase upon the tax roll, not for the assessing separately of the improvements which were themselves a part of the realty.

The real property here involved remained real property after it had gained in value by virtue of the improvements. We must assume it was fairly valued and assessed before the improvements were added. It would follow that after the realty increased in value by the added improvements it might then have been or become an undervalued assessment, or even a grossly undervalued assessment, and subject to a raise in assessed value in keeping with the provisions of section 12587, O. S. 1931, within the time limited therefor in that section. But we hold that the mere increase in value of this real estate did not operate to place the realty or any part of it in the classification of property omitted from assessment, because it was not so omitted, but on the contrary had its place upon the tax rolls of the county. To hold otherwise would be contrary to the expressed policy and intent of the Legislature that the improvements should merely be treated as adding to the value of assessed real estate.

Plaintiff in error relies largely on In re Assessment of Price, 88 Okla. 156, 212 P. 424. That case was decided prior to the adoption of the 1924 amendment shown in section 12581, O. S. 1931, and the opinion in the Price Case is bottomed on the fact that at that time there was no special provision for adding to the assessed value of real estate the added value after assessment noted here. So that the decision in the Price Case is not now authority for plaintiff in error's contention that such added value may now be assessed as omitted property.

It is only property actually omitted that can be subsequently assessed, without regard to time, by tax ferret proceedings before the county treasurer. See In re Assessment of Durant National Bank, 107 Okla. 65, 230 P. 712, and State v. R. C. Jones & Co., 169 Okla. 38, 35 P. (2d) 908.

There is no provision of law which we have been able to find which separates the real estate from the improvements for assessing purposes. On the contrary, however, section 12331, O. S. 1931, provides as follows:

"Real property for the purpose of taxation shall be construed to mean the land itself,

and all buildings, structures, and improvements or other fixtures of whatsoever kind thereon, and all rights and privileges thereto belonging or in anywise appertaining, and all mines, minerals, quarries and trees on or under the same."

Improvements are, therefore, a part of the real estate and cannot be assessed separate or apart therefrom unless the same are of such a nature as to constitute personal property and subject to separate ownership, which question is not involved in this case. The assessment complained of was levied in 1932 for improvements placed upon the property ten years prior. In various jurisdictions the statutory laws permit the dividing up of the lands and improvements and the separate listing of each. With reference to this question our court in the case of In re Indian Territory Illuminating Oil Co., 43 Okla. 307, 142 P. 997, has held as follows:

"It is also observable that in many jurisdictions various interests in real property for purposes of taxation are made severable and assessable in the names of the owners of the respective interests. That, however, is not the case in this state. Under our system of taxation, real property, which for purposes of taxation means the 'land itself, all buildings, stocks, improvements or other fixtures of whatsoever kind thereon and all rights and privileges thereto belonging or in anywise appertaining, and all mines, minerals, quarries or trees under or on the same,' must be assessed in the name of the owner of the land."

The Supreme Court of the State of Iowa in the case of Richards v. Wapello County, 48 Iowa, 507. upon this question has the following to say:

"The money used in making the improvement disappears as personal property, and the result of the expenditure appears as real property. But when it so appears it has become identified with the lot, and is taxable only under the denomination under which the lot is known."

In discussing what was omitted property the Supreme Court of Iowa, in the case of Talley, Co. Treas., v. Brown, 146 Iowa, 360, 125 N. W. 248, 140 Am. St. Rep. 282, in the syllabus stated:

"Under Code Supp. 1907, sec. 1385b, authorizing the auditor to correct errors in the assessment list, and to assess for taxation any omitted property on notifying the owner, etc., taxable property is omitted from the assessment roll where the assessor erroneously decides that property subject to taxation is not taxable, and leaves it off the roll on that account, as well as where through oversight or ignorance of the existence of the property it is omitted; the word 'omit' meaning to let fail, to leave out, not to insert or name, to neglect to mention or to speak of, as to 'omit' an item from a list." etc.

This statement was quoted with approval by this court in Re Assessment of Durant National Bank, 107 Okla. 65, 230 P. 712.

As to the purpose of the tax ferret law, we call attention to the case of J. W. Wolverton Hardware Co. v. Porter, 61 Okla. 171, 160 P. 906, and quote briefly from the opinion therein:

"From an examination of this statute it is clearly apparent that the purpose contemplated is to assess property that has been omitted from assessment and that has escaped taxation, and that it does not confer the power nor the authority to revalue or reassess for the purposes of taxation any property that may have been overvalued or previously assessed. The object of the statute is to discover omitted property, and this is the entire scope and purpose contemplated by the act."

We have read with considerable interest the Minnesota case of Davidson v. Franklin Ave. Inv. Co., reported in 151 N. W. 537. The facts in that case are, briefly, that in January, 1907, a four-story concrete building was erected on certain lots, which building was valued at more than $20,000. This improvement remained off the tax rolls until and including the year 1911. In the year 1912 the omission was discovered and the taxing authorities, corresponding to our tax ferret, assessed said property for the years 1907 to 1911, inclusive, which assessment was made as of omitted property. There was also another section of their statute which permitted the raising of valuations when the property was grossly undervalued, but no procedure was attempted under that statute, but wholly under the section of the statute corresponding to our tax ferret statute. In the body of the opinion we find the following very emphatic and pertinent statements with reference to this situation.

"The real property in the present case was not 'omitted' in the assessment of any year or years, and did not 'escape taxation.' It was assessed and taxed each year, but it was undervalued; the 'improvement' not being noted. This building was a part of the realty. The law does not provide for assessing the land and improvements thereon separately. It cannot be said that the improvement was not taxed, as the assessments were upon the real estate, including both the land and the building. In other words, this is not a case of 'omitting' property in an assessment, but simply of undervaluing it. Can the statute

above quoted be fairly construed as authorizing a reassessment when real estate has been undervalued in the assessment for any prior year or years? We think not. The law does not permit this construction. It authorizes a reassessment only when the property has been 'omitted,' when it has escaped taxation. To hold that there may be a reassessment when property has been undervalued by the assessing officers, but has paid the taxes assessed and levied, would often work a hardship upon innocent purchasers of the property. It would be an extraordinary and dangerous power. It would be quite impossible to draw the line between plain and substantial cases of undervaluations and those in which the undervaluation was slight, or in which the judgment of the auditor as to the value differs from that of the officials who made the original assessment. The language of the statute is perfectly plain, and we find no warrant for doing violence to it by adding the words 'or undervalued' to the word 'omitted.' "

The logical conclusion drawn from these facts and authorities is that the lots in question have been assessed and that the improvements placed upon the lots in 1920, 1921, and 1922 were a part thereof, and that any attempt to add more taxes to those already assessed and collected is an attempt to re-list, revalue, and reassess real property that has been undervalued, and that it does not constitute "omitted property" within the jurisdiction of the tax ferret and county treasurer. The county treasurer would have no jurisdiction whatever to proceed against said property or to levy a tax thereon, and more than three years having expired since said improvements were placed on said property, there could be no procedure brought by the county assessor for a revaluation by reason of the grossly undervalued assessed value shown by his records. This being true, there is no provision of law whereby additional taxes can be levied or assessed against said party or said property, and the injunction and relief granted by the district court was proper.

It is contended by the plaintiff in error that the trial court has exceeded its equitable power in enjoining the collection of any tax against this property for said years, and that the court could not anticipate and prevent future levies. We believe the conclusion reached from the foregoing authorities is that the tax ferret could not proceed under the omitted property theory, and the three-year period of limitation having run, the assessor could not levy a tax for these years. It would, therefore, be impossible under the provisions of law for any legal procedure to be brought to collect these taxes. Equity has the right to prevent an injustice or to prevent procedures which are without foundation or jurisdiction.

In Payne, County Treas., v. Speakman, 96 Okla. 170, 221 P. 9, it is said:

"It is the contention of the petitioner herein that the district court is without jurisdiction for the reason the proceeding before the county treasurer to assess omitted property is a summary proceeding and a plain, speedy, and adequate remedy at law is provided by appeal, and that remedy is conclusive, and no matter how defective the proceedings may be before the treasurer, it is a matter of which he has jurisdiction, and any errors and defects in the proceedings can be remedied by appeal. This court has held, in substance, that the county treasurer in assessing omitted property is an inferior tribunal exercising statutory authority, and that prohibition will lie against the county treasurer in cases where he is acting without authority of law. See Osage & Oklahoma Co. v. Millard, 45 Okla. 334, 145 P. 797."

The recent case of Criswell v. Hart, 155 Okla. 159, 8 P. (2d) 70, fully supports and sustains this conclusion and the acts of the trial court.

Finding no error in the judgment of the trial court, it is in all things affirmed.

McNEILL, C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.